[Cite as *State v. Fisher*, 2013-Ohio-2081.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WILLIAM CHARLES FISHER | : | Case No. 2012CA00031 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Stark County Court
                               of Common Pleas, Case Nos.
                               2011CR0688 and 2011CR0674

JUDGMENT:                      REVERSED AND REMANDED

DATE OF JUDGMENT:              May 13, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           AARON KOVALCHIK
Prosecuting Attorney                      116 Cleveland Avenue N.W.
By: RONALD MARK CALDWELL                  Suite 808
Assistant Prosecuting Attorney            Canton, OH  44702
110 Central Plaza South, Suite 510
Canton, Oh  44702

*Delaney, J.*

{¶1} Defendant-Appellant William Charles Fisher appeals the November 21, 2011 judgment entries revoking Fisher's community control sanctions and sentencing Fisher to 56 months in prison. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The facts of this case involve two criminal cases. In Case No. 2011CR0674, Fisher was charged with four counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1)(c)(4)(a), felonies of the fifth degree. Fisher pleaded guilty to the charges. On July 28, 2011, the trial court sentenced Fisher to five years community control. The sentencing entry stated, "[v]iolation of any condition of this sentence shall lead to either a more restrictive sanction, a longer sanction, or a prison term of forty-four (44) months."

{¶3} In Case No. 2011CR0688, Fisher was charged with two counts of domestic violence. The first count was a third degree felony in violation of R.C. 2919.25(A) and the second count was a fifth degree felony in violation of R.C. 2919.25(A). Fisher entered a plea of guilty to Count One and the State dismissed Count Two. On July 29, 2011, the trial court sentenced Fisher to five years of community control. The entry stated, "[v]iolation of any condition of this sentence shall lead to either a more restrictive sanction, a longer sanction, or a prison term of thirty-six (36) months."

{¶4} On October 13, 2011, Fisher's probation officer filed a Motion to Revoke Probation or Modify Former Order in both criminal cases. A hearing was held on November 14, 2011. At the hearing, the State informed the trial court:

"Prior to today, Your Honor, the Defendant did contact the Canton Police Department and provided us with information in regards to a pending homicide trial that the State deems extremely important.

As a result of that, the State of Ohio is here today to ask the Court to – first of all, there is going to be a stipulation from the Defendant that he violated the probation or the community control in both cases.

That upon that stipulation, the State of Ohio is going to ask the Court to Case Number 2011-CR-0674 to reduce the Defendant's total sentence to 44 months by 24 months so that he would have a 20-month sentence; to keep the sentence in 2011-CR-0688 the same which is 36 months so that the Defendant would be serving a total of 56 months in the state penitentiary and receive credit for time served.

To that extent I have in my hand a document signed by Mr. Fisher that says he is the Defendant in Case Number 2011-CR-0674. He agrees to testify truthfully in any and all proceedings, including but not limited to the trial in Case Number 2011-CR-1240C.

In exchange for his truthful testimony at all proceedings, he understands the State of Ohio will reduce my total sentence in the amount of 24 months. He further understands and agrees that should he fail to testify truthfully as required by this agreement, it can be voided by the State of Ohio, and his full sentence can be reimposed, and it bears his signature, Your Honor."

(Nov. 14, 2011 Hearing, T. 3-5).

{¶5} The trial court clarified that the 80 months Fisher was originally sentenced to was reduced by agreement to 24 months, so that the amount of prison time was 56 months. (T. 15). Counsel for Fisher agreed. (T. 16). The Agreement to Testify was admitted as Exhibit 1 and filed under Case No. 2011CR0674 on December 6, 2011.

{¶6} The trial court sentenced Fisher as follows:

Mr. Fisher, it is the sentence of this court in regard to Case Number 2011-CR-0674, as I have previously stated to you, I am sentencing you to a 10-month prison term in regard to each of the felonies of the fifth degree.

First and second count I am running those consecutively with each other. In regard to Counts 4 and 5, I am running those concurrently with Counts 1 and 2; to the end that you have a 20-month prison term in regard to 2011-CR-0674.

In regard to 2011-CR-0688 in regard to the single remaining charge, which is a felony of the third degree, I am sentencing you to a 36-month prison term. That is to be run consecutively with the 20 months that you received in Case Number 2011-CR-0674; to the end that you have a 56-month prison term.

(Nov. 14, 2011, T. 16-17).

{¶7} The sentences were journalized on November 21, 2011. It is from these judgment entries Fisher now appeals.

**ASSIGNMENTS OF ERROR**

{¶8}   Fisher raises two Assignments of Error as to his November 21, 2011 sentencing:

{¶9}   "I. THE TRIAL COURT ERRED WHEN IT FAILED TO FOLLOW RC 2929.14 BY ORDERING APPELLANT TO SERVE CONSECUTIVE SENTENCES."

{¶10} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO FOLLOW RC 2929.41 BY ORDERING APPELLANT TO SERVE CONSECUTIVE SENTENCES."

**ANALYSIS**

I., II.

{¶11} We consider Fisher's two Assignments of Error together because they are interrelated.   Fisher claims the trial court erred in imposing consecutive sentences without engaging in judicial fact-finding as required by H.B. No. 86.  We agree.

{¶12} Effective September 30, 2011, R.C. 2929.14 was amended by H.B. No. 86.  Section 4 of H.B. No. 86 provides that it "appl[ies] to a person who commits an offense * * * on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶13} Fisher's offenses were committed prior to the effective date of H.B. 86. Fisher pleaded guilty to the offenses and the trial court imposed community control sanctions.  The sentencing entry in Case No. 2011CR0674 stated, "[v]iolation of any condition of this sentence shall lead to either a more restrictive sanction, a longer

sanction, or a prison term of forty-four (44) months." The sentencing entry in Case No. 2011CR0688 stated, "[v]iolation of any condition of this sentence shall lead to either a more restrictive sanction, a longer sanction, or a prison term of thirty-six (36) months."

{¶14} Fisher's probation officer filed a Motion to Revoke on October 13, 2011 and a sentencing hearing was held on November 14, 2011. Fisher stipulated he violated the terms of his community control sanctions and the trial court ordered the community control sanctions be revoked and the prison term imposed. The trial court sentenced Fisher in Case No. 2011CR0674 to 10 months on each count of Trafficking in Cocaine, four counts. Fisher was to serve Counts One and Two consecutively; Counts Three and Four concurrently; and consecutive to Case No. 2011CR0688 for a total sentence of 56 months. In Case No. 2011CR0688, the trial court sentenced Fisher to a prison term of 36 months on one count of Domestic Violence.

{¶15} Three appellate districts have recently held that a prison term is not imposed until the offender's community control is revoked. *State v. Nistelbeck*, 10th Dist. No. 11AP-874, 2012-Ohio-1765; *State v. West*, 2nd Dist. No. 24998, 2012-Ohio-4615; *State v. Marshall*, 6th Dist. No. E-12-022, 2013-Ohio-1481. The basis for so holding rests upon the language of R.C. 2929.19(B)(5) [now subsection R.C. 2929.19(B)(4)] and the Ohio Supreme Court's decision in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.

{¶16} R.C. 2929.19(B)(4) states:

If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall

impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

The Ohio Supreme Court in *Brooks* held that based upon this language, the trial court is required, at sentencing, to "notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisiste to imposing a prison term on the offender for a subsequent violaton." *State v. Marshall*, 2013-Ohio-1481, ¶ 10 citing *Brooks, supra*, paragraph two of the syllabus.

{¶17} "Ultimately, the Tenth District held that a prison term applicable only upon a defendant's violation of community control is not actually imposed until community control is revoked. *Nistelbeck* at ¶ 10. Subsequently, the Second District examined the decision in *Nistelbeck* and reached the same result. *West* at ¶ 14." *Marshall* at ¶ 11. The Sixth District also followed *Nistelbeck* because the trial court in its case stated the defendant's prison term "would be imposed" if the community control sanctions were violated. The conditional language used by the trial court supported the conclusion the prison term was not actually imposed until the community control sanctions were revoked, which was after the effective date of H.B. No. 86. *Marshall* at ¶ 12.

{¶18} In our case, the trial court stated in both cases a "[v]iolation of any condition of this sentence *shall lead to* either a more restrictive sanction, a longer sanction, or a prison term * * *." (Emphasis added.) The use of the conditional language by the trial court supports our agreement with the holdings of *Nistelbeck*, *West*, and *Marshall* that Fisher's prison terms were not imposed until Fisher's community control sanctions were revoked. The prison terms were imposed on November 21, 2011, after the effective date of H.B. No 86.

{¶19} H.B. No 86 amended subsection (E)(4) of R.C. 2929.14 [now subsection (C)(4) ] and subsection (A) of R.C. 2929.41, effective September 30, 2011, and now state the following, respectively:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶20} Pursuant to R.C. 2929.14, as revised by H.B. 86 in effect at the time of sentencing herein, the trial court was required to make the statutorily required findings prior to imposing consecutive sentences. The trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Fauntleroy*, 5th Dist. No. CT2012-0001, 2012-Ohio-4955, ¶ 7 citing *State v. Murrin,* 8th Dist. No. 83714, 2004–Ohio–3962, ¶ 12. *Accord, State v. Jones,* 1st Dist. No. C–110603, 2012–Ohio–2075, ¶ 22. In this case, our review of the sentencing hearing

demonstrates the trial court did not make the requisite findings. We reverse the November 21, 2011 judgment entries and remand the matter for limited purpose of resentencing.

{¶21} The State argues this Court is without jurisdiction to consider Fisher's appeal of his sentencing because the sentence was the result of an agreed upon sentence. Fisher signed an "Agreement to Testify" wherein the State agreed to reduce Fisher's total sentence by the amount of 24 months. The State contends the "Agreement to Testify" is within the purview of R.C. 2953.08(D)(1) which states:

> A sentence imposed upon a defendant is not subject to review under this
>
> section if the sentence is authorized by law, has been recommended
>
> jointly by the defendant and the prosecution in the case, and is imposed
>
> by a sentencing judge.

{¶22} The Ohio Supreme Court in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, held that under R.C. 2953.08(A), a sentence that is "contrary to law" is appealable by a defendant. *Id.* at ¶ 16. "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Id.* at paragraph two of the syllabus.

{¶23} In this case, the trial court failed to make the statutorily enumerated findings pursuant to the requirements of R.C. 2929.14 in imposing consecutive sentences upon Fisher. The requirements imposed by H.B. No. 86 are applicable because Fisher's community control was revoked and the prison term was imposed after the effective date of H.B. 86. Accordingly, we cannot say the sentence comports

with all mandatory sentencing provisions therefore making Fisher's sentence appealable under R.C. 20953.08(A).

{¶24} Accordingly, Fisher's first and second Assignments of Error are sustained.

**CONCLUSION**

{¶25} The November 21, 2011 sentencing entries of the Stark County Court of Common Pleas are reversed and the matter is remanded to the trial court for resentencing pursuant to this Opinion and law.

By Delaney, J.

Gwin, P.J. and

Baldwin, J. concur.

_____

_____

_____

JUDGES

PAD/kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee              :
                                        :
-vs-                                    :           JUDGMENT ENTRY
                                        :
WILLIAM CHARLES FISHER                  :
                                        :
    Defendant-Appellant             :           CASE NO. 2012CA00031


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and the matter remanded.  Costs to Appellee.


_____

_____

_____

                JUDGES