[Cite as *State v. Kennedy*, 2017-Ohio-5547.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16-CA-27 |
| | : | |
| RONALD KENNEDY, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court
of Common Pleas, Case No. 10-CR-97

JUDGMENT:      REVERSED, SENTENCE VACATED,
AND REMANDED

DATE OF JUDGMENT ENTRY:      June 26, 2017

APPEARANCES:

For Plaintiff-Appellee:

JASON R. FARLEY
145 N. 7th Street
Cambridge, OH 43725

For Defendant-Appellant:

FREDERICK A. SEALOVER
45 N. Fourth St.
P.O. Box 2910
Zanesville, OH 43702-2910

*Delaney, P.J.*

{¶1}   Appellant Ronald Kennedy, Jr. appeals from the decisions of the Guernsey County Court of Common Pleas denying his motion to modify sentence and motion for reconsideration thereof.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   On November 23, 2010, appellant entered negotiated pleas of guilty to nine counts of an 18-count indictment as follows:  Count 4, theft, a felony of the fourth degree pursuant to [former] R.C. 2913.02; Count 5, breaking and entering, a felony of the fifth degree pursuant to R.C. 2911.13(B); Count 6, vandalism, a felony of the fourth degree pursuant to [former] R.C. 2909.05(B);[1] Count 10, theft, a felony of the fourth degree pursuant to [former] R.C. 2913.02; Count 11, breaking and entering, a felony of the fifth degree pursuant to R.C. 2911.13(B); Count 12, vandalism, a felony of the fourth degree pursuant to [former] R.C. 2909.05(B);[2] Count 16, theft, a felony of the fifth degree pursuant to [former] R.C. 2913.02; Count 17, breaking and entering, a felony of the fifth degree pursuant to R.C. 2911.13(B); and Count 18, vandalism, a felony of the fifth degree pursuant to [former] R.C. 2909.05(B).[3]

---

[1] Counts 4, 5, and 6 related to breaking and entering upon the property of the Guernsey-Muskingum Electric Cumberland Substation and stealing copper wiring with a value of **$5,670.21**.  Appellee's Bill of Particulars, Aug. 16, 2010.
[2] Counts 10, 11, and 12 related to breaking into property of the American Electric Power Company on Claypike Road in Senecaville, stealing copper wire, and incurring damage or loss in the amount of **$10,500**.  Appellee's Bill of Particulars, Aug. 16, 2010.
[3] Counts 16, 17, and 18 related to breaking and entering upon the property of Metallurg Vanadium, stealing copper wire, and incurring damage or loss in the amount of **$3,518.90**.

{¶4}   At a sentencing hearing on November 23, 2010, appellant was sentenced to an aggregate prison term of 54 months, consisting of nine consecutive terms of six months each.  The prison term was suspended, however, on the condition that appellant complete six months of local incarceration and comply with terms and conditions of community control supervision.

{¶5}   On March 5, 2015, a motion to revoke appellant's community control sanction was filed and a hearing was held on April 13, 2015.  The trial court granted the motion to revoke appellant's community control and imposed the 54-month term, noting the court "may consider judicial release at the appropriate time" and appointed counsel to represent appellant in preparation of subsequent motions for judicial release.

{¶6}   Appellant filed a motion for judicial release on November 25, 2015; appellee responded with a memorandum contra and the trial court denied the motion on December 29, 2015.

{¶7}   Appellant filed a second motion for judicial release on May 4, 2016; appellee filed a memorandum contra and the trial court denied the motion on May 23, 2016, stating in pertinent part, "The Court, having reviewed its file and the presentence investigation report in this case, finds that the [motion] should be, and hereby is, DENIED WITH PREJUDICE to Defendant's filing any future motions for judicial release in this case pursuant to Revised Code Section 2929.20." (Emphasis in original.)

{¶8}   On September 9, 2016, appellant filed a pro se motion for reconsideration of judicial release which was denied on September 12, 2016.

{¶9}   On October 5, 2016, appellant filed a pro se "Motion to Modify Sentence Pursuant to Ohio Revised 2929.51, Ohio Revised Code 2941.25(B), Ohio Revised Code

1.58(b), and House Bill 86" (*sic*).   Appellee filed a memorandum in response and the trial court denied the motion on November 9, 2016.

{¶10} Appellant filed a pro se motion for reconsideration which was denied on November 28, 2016.

{¶11} Appellant now appeals from the judgment entries of the trial court denying his motion to modify sentence and his motion for reconsideration.

{¶12} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶13} "THE TRIAL COURT ERRED BY DENYING THE DEFENDANT-APPELLANT'S PRO SE MOTION TO MODIFY SENTENCE AND HIS MOTION FOR RECONSIDERATION THEREOF."

## ANALYSIS

{¶14} In his sole assignment of error, appellant argues the trial court should have granted his motion to modify his sentence.  We agree and find that appellant's sentence must be vacated, and remand this matter for resentencing.

{¶15} Appellant's motion to modify sentence before the trial court was premised upon three arguments and we will address each in turn.

*Two Claims Barred by Res Judicata: Merger, Ineffective Assistance*

{¶16} First, appellant argued his theft offenses should have merged for purposes of sentencing.  Second, appellant alleged ineffective assistance of trial counsel because counsel should have made the argument for merger.  Both of these claims are cognizable from the record and are barred by the doctrine of res judicata, which may be applied to bar further litigation in a criminal case of issues which were raised previously or could

have been raised previously in an appeal. *State v. Johnson,* 8th Dist. Cuyahoga No. 80247, 2002-Ohio-2712, ¶ 7.

{¶17} Appellant failed to file a direct appeal from his convictions and sentence. Nevertheless, under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 96, 1996-Ohio-337, 671 N.E.2d 233; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Not only does res judicata bar appellant from raising issues that were raised in his direct appeal, it also bars issues that could have been raised in that appeal. *Szefcyk,* supra.

*Imposition of Appellant's Sentence and Application of R.C. 1.58(B): Appellant is entitled to Benefit of Changes under H.B. 86*

{¶18} Appellant's third argument before the trial court was that his sentence was imposed on April 9, 2015, and therefore he should have been subject to "the more favorable provisions of H.B. 86," although he failed to specify which favorable sentencing amendments were applicable. In appellee's response contra the motion, appellee conceded appellant's argument for application of H.B.86, acknowledging the legislation changed the degree of penalty of several of appellant's convictions. The trial court agreed with appellee, finding that although Counts 4, 6, 10, and 12 as applied to appellant are now felonies of the fifth degree, any error in sentencing was "harmless" because the 6-month terms imposed on each count are within the sentencing range for felonies of the fifth degree.

{¶19} We disagree with the underlying premise of harmless error because appellant remains convicted of, and sentenced upon, felonies of the fourth degree which should be felonies of the fifth degree. Moreover, the trial court did not make requisite findings for imposing consecutive sentences as required post-H.B.86.

{¶20} R.C. 1.58(B) states, "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." The first issue is whether appellant's sentence was "not already imposed" for purposes of R.C. 1.58(B) at the time he was sentenced to community control in 2010 or when community control was revoked and the prison term was imposed in 2015. Appellee now argues appellant may not claim the benefit of amendments to the law. Before the trial court, though, appellee conceded the changes wrought by H.B. 86 apply to appellant, but argued any error in sentencing him upon the felonies of the fourth degree is harmless.[4]

{¶21} On appeal, appellee argues non-conditional language in the original sentencing entry means appellant's sentence was effectively "imposed" in 2010, therefore he is not entitled to the benefits of H.B. 86 as enacted in 2011. In *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, at ¶ 19, the Ohio Supreme Court held, in accordance with R.C. 1.58(B) and the uncodified portion of Section 4 of H.B.86, the determining factor whether the provisions of H.B.86 apply to an offender is not the date of the commission of the offense but rather whether sentence has been "imposed." In *Taylor*, the offender was not yet sentenced on the date the amendments became

---

[4] Memorandum in Response to Defendant's Motion to Modify Sentence, Oct. 18, 2016.

effective, but had already entered pleas of guilty, therefore the trial court had a duty to impose sentence in accord with the amended statutes.  Id. at ¶ 20.

{¶22} The question in the instant case is whether appellant's sentence was effectively "imposed" in 2010 (when he was originally sentenced) or in 2015 (when community control was revoked and he was sent to prison).  We have previously joined with districts holding that a prison term is not "imposed" until the offender's community control is revoked. *State v. Fisher*, 5th Dist. Stark No. 2012CA00031, 2013-Ohio-2081, ¶ 15, citing *State v. Nistelbeck,* 10th Dist. Franklin No. 11AP–874, 2012–Ohio–1765; *State v. West,* 2nd Dist. Montgomery No. 24998, 2012–Ohio–4615; *State v. Marshall,* 6th Dist. Erie No. E–12–022, 2013–Ohio–1481. In these decisions, we and other districts looked to the language of the trial court's original sentencing entry.  If the trial court used conditional language indicating a prison term "*would be* imposed" if the offender violated certain conditions, we found the conditional language supports the conclusion the prison term was not "imposed" until the community control sanctions were revoked.  *Fisher,* supra, 2013-Ohio-2081 at ¶ 18.

{¶23} It is possible for the outcome to vary based upon the language in the sentencing entry.  The Fourth District applied the same rationale to what it found to be non-conditional language in a sentencing entry and reached a different result.  *State v. Coon*, 4th Dist. Meigs No. 14CA2, 2014-Ohio-5521, ¶ 10, citing *Marshall,* supra, 2013–Ohio–1481; *State v. Vlad,* 153 Ohio App.3d 74, 2003–Ohio–2930, 790 N.E.2d 1246, ¶ 16 (7th Dist.); *Nistelbeck,* supra, 2012–Ohio–1765; *West,* supra, 2012–Ohio–4615; and *Fisher*, supra, 2013-Ohio-2081.

{¶24} Appellee directs us to the language of the sentencing entry, and words used by the trial court at sentencing, to demonstrate *Coon* is on point with the instant case. In *Coon,* at the original sentencing hearing in 2008, the trial court stated: " * * * it is hereby ORDERED, ADJUDGED and DECREED that the said Jeffrey A. Coon, as to Count Three, charging the offense of THEFT, a felony of the fourth degree, be sentenced to a term of EIGHTEEN MONTHS in a proper state penal institution; and as to Count Four, charging the offense of PASSING BAD CHECKS, a felony of the third degree, be sentenced to a term of FIVE YEARS in a proper state penal institution." The trial court further ordered those sentences to be served consecutively for an aggregate sentence of six and one-half years. The trial court went on to state in the same sentencing entry: "It is further ORDERED that the sentences as to Counts Three and Four be suspended and the Defendant placed on community control for a period of five years * * *." On appeal, the *Coon* court concluded the trial court "imposed" the prison terms in 2008, but then suspended them, placing the offender on community control; the prison terms were thus effectively "imposed" prior to the effective date of H.B. 86, therefore the defendant did not benefit from the changes in the law. *Coon*, supra, 2014-Ohio-5521 at ¶ 13.

{¶25} Appellee asks us to rely upon similar language in the original sentencing entry in the instant case, but we find the trial court's language here to be conditional. We note the following statement by the trial court on the record at the 2010 sentencing hearing:

> * * * *. However, the Court finds in this instant (*sic*) that the
> appropriate sentence for you is six months in prison for each of the
> counts to which you have plead "Guilty" and been convicted.

However, each count will run consecutive with each other for a total of a fifty-four (54) moth prison sentence or four and a half years (4½) years in prison. That is an appropriate sentence for the conduct and the damage done here. **However, that sentence is a stated term of imprisonment pursuant to State verses (*sic*) Brooks, if your community control sanctions are revoked**. * * * *. (Emphasis added).

T. 18.

{¶26} In the judgment entry of sentence dated November 23, 2010, the relevant portions state:

* * * *.

1. Defendant is ORDERED to serve stated prison terms of SIX (6) MONTHS on each of the nine convictions, none of which is mandatory pursuant to Revised Code Section 2929.13(F). The Court ORDERS these prison terms served CONSECUTIVELY, for a total period of imprisonment in this case of 54 months. (Emphasis in original.)

* * * *.

5. Defendant's 54-months prison term is hereby SUSPENDED, with Defendant ORDERED to serve SIX (6) MONTHS in the Guernsey County Jail. (Emphasis in original.)

* * * *.

9.  Defendant was notified in open Court that violation of any

of this sentence shall lead to a more restrictive sanction, a longer

sanction, **or reimposition of the 54-month prison term.**

(Emphasis added.)

\* \* \* \*.

{¶27} We further note the judgment entry of April 13, 2015 revoking community control states in pertinent part, "The Court hereby REIMPOSES the total 54-month stated prison term imposed by Judgment Entry of Sentence filed November 23, 2010." (Emphasis in original.)

{¶28} The effect of our review of the record, therefore, is that appellant's prison term was "imposed" when community control was revoked in 2015, thus for purposes of R.C. 1.58(B), appellant is entitled to any reduction in the penalty imposed as amended by H.B.86.

*Resentencing for Findings on Consecutive Sentences and Degree of Offenses*

{¶29} Appellant argues on appeal he is entitled to concurrent sentences pursuant to H.B. 86 because the trial court did not make the findings enumerated in R.C. 2929.14(C)(4). The trial court is not necessarily required to impose concurrent sentences in the instant case, but we do agree the trial court must make findings in support of consecutive sentences. H.B.86 amended subsection (E)(4) of R.C. 2929.14 [now subsection (C)(4)] and subsection (A) of R.C. 2929.41, effective September 30, 2011. Those sections now state the following, respectively:

**R.C. 2929.14(C)(4)**: If multiple prison terms are imposed on

an offender for convictions of multiple offenses, the court may require

the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**R.C. 2929.41(A)**: Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or

sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶30} Pursuant to R.C. 2929.14, as revised by H.B.86 in effect at the time of imposition of appellant's sentence in 2015, the trial court was required to make the statutorily-required findings prior to imposing consecutive sentences. *Fisher*, supra, 2013-Ohio-2081 at ¶ 20. The trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." Id., citing *State v. Fauntleroy,* 5th Dist. Muskingum No. CT2012–0001, 2012–Ohio–4955, ¶ 7 citing *State v. Murrin,* 8th Dist. Cuyahoga No. 83714, 2004–Ohio–3962, ¶ 12. *Accord, State v. Jones,* 1st Dist. Hamilton No. C–110603, 2012–Ohio–2075, ¶ 22. In this case, our review of the sentencing hearing demonstrates the trial court did not make the requisite findings. *Fisher*, supra, at ¶ 20.

{¶31} Moreover, as we addressed supra, appellee's argument before the trial court acknowledged that H.B.86 changed the degree of four of appellant's convictions from felonies of the fourth degree to felonies of the fifth degree. We remand for resentencing on that basis as well.

{¶32} Having found the trial court did not comply with the applicable sentencing statutes in imposing consecutive sentences, and that appellant presently remains

convicted and sentenced upon offenses of the incorrect degree, we are unable to conclude that the sentences imposed by the trial court constitute harmless error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20 [sentences that do not comport with mandatory provisions are subject to total resentencing]; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1 [appellate court must uphold felony sentence unless the evidence clearly and convincingly does not support trial court's findings under the applicable sentencing statutes or sentence is otherwise contrary to law].

{¶33} Appellant's sole assignment of error is sustained, the judgment entries of the trial court are reversed, and appellant's sentences are vacated. This matter is remanded to the trial court for the limited purpose of resentencing.

**CONCLUSION**

{¶34} Appellant's sole assignment of error is sustained and the judgment of the Guernsey County Court of Common Pleas is reversed. Appellant's sentence is vacated and this matter is remanded for resentencing in accord with this opinion.

By: Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.