[Cite as *State v. Gibson*, 2014-Ohio-5573.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                                   :

     Plaintiff-Appellee                                  :    C.A. CASE NO.    2013 CA 112

v.                                                                       :    T.C. NO.    13CR88

JAMES GIBSON                                              :    (Criminal appeal from
                                        Common Pleas Court)

     Defendant-Appellant                               :

                                                   :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____19th____ day of ____December____, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

PATRICK D. WALSH, Atty. Reg. No. 0085482, P. O. Box 543, Springboro, Ohio 45066
       Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant James Gibson appeals his conviction and sentence for two counts of gross sexual imposition (GSI), in violation of R.C. 2907.05(A)(4), both felonies of the third degree.  Gibson filed a timely notice of appeal with this Court on December 20, 2013.

{¶ 2}    On February 4, 2013, Gibson was charged by indictment with three counts of rape, in violation of R.C. 2907.02(A)(1)(b) (victim under the age of thirteen years of age).  All three counts contained a specification that the victim, A.M., was under the age of ten years old when the rapes allegedly occurred.

{¶ 3}    In return for a plea made pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the State offered to amend the indictment to reflect that Counts I and II had both been reduced to two counts of GSI, while dismissing Count III.  On November 1, 2013, the trial court amended the indictment, and Gibson entered an *Alford* plea to two counts of GSI , in violation of R.C. 2907.05(A)(4).  On November 22, 2013, the trial court imposed a sentence of five years for each GSI conviction and ordered that the sentences be served consecutively for an aggregate prison term of ten years.

{¶ 4}    It is from this judgment that Gibson now appeals.

{¶ 5}    Because it is dispositive of the instant appeal, we will address Gibson's second assignment of error out of order.  Gibson's second assignment is as follows:

{¶ 6}    "THE PLEA HEARING DEMONSTRATED PLAIN ERROR AND INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 7}    In his second assignment, Gibson contends that his plea was not made in a knowing, voluntary, and intelligent fashion.  Specifically, Gibson argues that he did not

understand the implications of entering a plea because he mistakenly believed that he could withdraw the plea at any time without the approval of the trial court. Additionally, Gibson argues that the Crim. R. 11(C) colloquy was deficient because the trial court incorrectly informed him that if he was convicted of or plead guilty to the underlying charge of rape of a child under ten years of age, he would automatically be subject to a mandatory life sentence. Gibson asserts that he, therefore, entered an *Alford* plea to the two counts of GSI under false pretenses, and his counsel was ineffective for failing to object to the misinformation he received from the trial court.

{¶ 8} In *State v. Gossard*, 2d Dist Montgomery No. 19494, 2003-Ohio-3770, we stated the following regarding the nature of an *Alford* plea:

> *** A plea of guilty to a criminal offense charged is a complete admission of criminal liability that is sufficient to support a conviction by the court. However, the plea must be knowingly, intelligently, and voluntarily made. Crim. R. 11(C). * * * Compliance with the requirements of Crim.R. 11(C) portrays those qualities, subject to any further, specific qualification.

> An *Alford* plea represents a qualification to the assurances created by a proper Crim.R. 11(C) inquiry. It permits a plea of guilty when the defendant nevertheless denies a necessary foundation of criminal liability, either with respect to the truth of the act or omission charged or the degree of culpability which the offense requires. "An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation

in the acts constituting the crime." [*North Carolina v.*] *Alford*, 400 U.S. [25, 37, 91 S.Ct. 160, 27 L.Ed. 162 (1970).]

Interpreting and applying *Alford*, the Supreme Court of Ohio has held: "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." *State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), syllabus. * * *

\*\*\*

The proper taking of a guilty plea requires "a meaningful dialogue between the court and the defendant." *Garfield Heights v. Brewer* (1980), 17 Ohio App.3d 218, *State v. Bowling* (March 10, 1987), Montgomery App. No. 9925. In [*State v.*] *Padgett*, [67 Ohio App.3d 332, 586 N.E.2d 1194 (2d Dist. 1990)] we explained that where a defendant protests innocence but nevertheless is willing to plead guilty, the trial court "must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent." *Padgett, supra,* at 338-39. At a minimum, this requires an "inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in

addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty." *Id*.

The essence of an *Alford* plea is that a Defendant's decision to enter the plea against his protestations of factual innocence is clearly and unequivocally supported by evidence that he exercised that calculus for the purpose of avoiding some more onerous penalty that he risks by, instead, going to trial on the charges against him.

*Id*. at ¶s 6-8, 11-12.

**{¶ 9}** At the plea hearing in the instant case, the trial court had the following discussion with Gibson regarding his decision to enter an *Alford* plea to two counts of GSI:

The Court: And my understanding is that you're entering this guilty plea pursuant to *North Carolina [v.] Alford*, whereby you're denying your guilt in this case; but you're, nevertheless, entering a guilty plea for another purpose; is that correct?

Gibson: Yes, sir.

Q: Do you have anything you want to say or explain to the Court?

A: I was entering the plea because I want to try to at least get less time. I don't want to go to prison for life or something.

Q: The indictment is – or consists of three counts of rape, and the victim was less than thirteen years of age, and there's a specification on each

count that the victim was under the age of [ten]. *If you were convicted of one or all of those offenses, it would require a mandatory life sentence. Is that correct*?

The State: *That's correct, with the possibility of parole after fifteen years on those terms, Your Honor*.

The Court: And you are telling the Court that you don't want to go to trial and risk that possible outcome?

Gibson: That's true.

{¶ 10} Gibson was originally indicted for three counts of rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b) which states in pertinent part that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender *** when *** [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." As mentioned previously, each of the rape counts in Gibson's indictment was accompanied by a specification that the victim, A.M., was under the age of ten at the time the offenses occurred.

{¶ 11} R.C. 2907.02(B) states in pertinent part:

*** [I]f the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole. If the court imposes a term of life without parole, pursuant to this division, division (F) of section 2971.03 of the Revised Code applies, and the offender automatically

is classified a tier III sex offender/child victim offender, as described in that division.

**{¶ 12}** In accordance with R.C. 2907.02(B), R.C. 2971.03(B)(1)(b) states in pertinent part:

[I]f a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, if division (A)[1] of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:

(b) *If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.*

**{¶ 13}** Thus, pursuant to the aforementioned statutory provisions, in a situation where a defendant has pleaded guilty to or been convicted of rape of a child who is less than ten years of age, a sentence of life imprisonment is *not* mandatory as stated by the trial court in the present case. Rather, the trial court has three distinct choices regarding the sentencing of a defendant convicted of rape of a child under ten years of age: 1) pursuant to R.C. 2907.02(B), the trial court can impose a sentence of life imprisonment without the possibility of parole; 2) pursuant to R.C. 2971.03(B)(1)(b), the trial court can sentence the

---

[1]Division (A) of R.C. 2971.03 only applies when a defendant has been convicted of or pleads guilty to an indictment containing a sexually violent predator specification or a sexual motivation specification, neither of which were present in the instant case.

defendant to life imprisonment *with* the possibility of parole after fifteen years; or 3) the trial court can sentence the defendant to an indefinite prison term with a minimum of fifteen years. Accordingly, the trial court erred when it misinformed Gibson that he would automatically receive a life sentence if he was convicted of rape as charged in the indictment. We cannot say that Gibson's *Alford* plea was made in a knowing, voluntary, and intelligent fashion when the trial court informed him that he faced a mandatory term of life imprisonment with the possibility of parole after fifteen years . As evidenced in the record of the plea hearing, Gibson's main concern in entering the *Alford* plea was to avoid receiving a mandatory sentence of life in prison. On this issue, the trial court, the State, and Gibson's own counsel, who did not object to the court's misstatement regarding sentencing for the rape counts, failed to adequately and correctly apprise him of the effect of his plea. Under these circumstances, Gibson was unable to subjectively understand the implications of his pleas and the rights that he was waiving. As a result, Gibson's *Alford* pleas to the two counts of GSI were not knowingly, intelligently, nor voluntarily made.

{¶ 14} Gibson's second assignment of error is sustained.

{¶ 15} Gibson's first assignment of error is as follows:

{¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION IN THE SENTENCING OF MR. GIBSON."

{¶ 17} In his first assignment, Gibson contends that the trial court abused its discretion in imposing maximum, consecutive sentences under the circumstances presented in this case.

{¶ 18} In light of our disposition with respect to Gibson's second assignment of

error, his first assignment is rendered moot.

{¶ 19}   Gibson's second assignment of error having been sustained, his conviction and subsequent sentence are reversed and vacated, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.


Copies mailed to:

Ryan A. Saunders
Patrick D. Walsh
Hon. Douglas M. Rastatter