[Cite as *State v. Bowers*, 2018-Ohio-30.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160756 |
| | | TRIAL NO. B-1305688 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ADAM BOWERS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  January 5, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.

**MILLER, Judge.**

{¶1}   We are presented with two questions.  The first requires us to interpret R.C. 2971.03, in conjunction with R.C. 2907.02(B) to determine which sentencing options were available for the trial court's consideration. The second question presents a constitutional issue of whether judicial fact-finding that creates a middle sentencing option violates *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), or *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  As to the constitutional issue, because neither the sentencing floor nor ceiling is raised, we hold that it does not.  However, we reverse the sentence because the trial court was unaware of the shortest available sentencing option, and remand for resentencing among the three available sentencing options the court may impose: 15 years to life, 25 years to life, or life without parole.

### Procedural Posture and Facts

{¶2}   This is Adam Bowers's second appeal.  Following a jury trial, Bowers was convicted of raping a child, in violation of R.C. 2907.02(A)(1)(b), with the accompanying specification that the child was under ten.  He was also convicted of gross sexual imposition. In his first appeal, we held that the trial court had applied the wrong sentencing scheme when sentencing Bowers for rape.  *State v. Bowers*, 1st Dist. Hamilton No. C-150024, 2016-Ohio-904, ¶ 41-42 ("*Bowers I*"). We therefore reversed his sentence, remanded, and instructed the trial court to sentence Bowers in accordance with R.C. 2907.02(B).  *Id.* at ¶ 42-43.  We affirmed the convictions in all other respects.

{¶3}   On remand, the trial court concluded that it had two sentencing options—25 years to life or life without parole.  The 25-years-to-life sentence was available only upon a finding that Bowers had purposely compelled his victim to

2

submit by force or threat of force. *See* R.C. 2971.03(B)(1)(c). Based on the evidence adduced at trial, but not expressly found by the jury, the trial court imposed a 25-years-to-life sentence.

## Analysis

{¶4} In his sole assignment of error, Bowers contends that his sentence is contrary to law because the trial court, and not the jury, determined facts necessary to impose the sentence—i.e., that Bowers had purposefully compelled his victim to submit by force or threat of force. Our standard of review is set forth in R.C. 2953.08(G)(2). We will not modify or vacate Bowers's sentence unless we clearly and convincingly find that it is contrary to law. *See* R.C. 2953.08(G)(2); *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶5} Bowers claims that, absent the trial court's impermissible finding, his sentence should have been 15 years to life. We agree with Bowers that 15 years to life should have been an available sentence. *See* R.C. 2971.03(B)(1)(b). However, we also agree with the state that 25 years to life was an available sentence. *See* R.C. 2971.03(B)(1)(c).

{¶6} ***Statutory Construction.*** Bowers was convicted of rape of a minor under the age of 13, violating R.C. 2907.02(A)(1)(b). Bowers was also convicted of the accompanying specification that the minor was under ten. Because of the specification, the trial court had the option under R.C. 2907.02(B) of sentencing Bowers to life without parole. Division (B) refers the court to R.C. 2971.03 for lesser sentencing options.

{¶7} We previously held that because Bowers was not convicted of a sexually violent predator specification, it was improper to sentence him under R.C. 2971.03(A). *Bowers I*, 1st Dist. Hamilton No. C-150024, 2016-Ohio-904, at ¶ 42. Thus, we turn to R.C. 2971.03(B)(1) for the sentencing options in addition to life without parole.

{¶8} In pertinent part, R.C. 2971.03(B)(1) provides,

[I]f a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, if division (A) of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:

(a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.

(b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.

(c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code * * * or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

{¶9} This statute affords three potential alternative sentences to life without parole. First, ten years to life is the default sentencing option. R.C. 2971.03(B)(1)(a). Second, 15 years to life is an available sentence where the victim was less than ten years old. R.C. 2971.03(B)(1)(b). Finally, a sentence of 25 years to life is an option upon a finding that the rape occurred through force or threat of force, the offender previously

4

was convicted of raping a child, or the offender caused serious physical harm to the victim. R.C. 2971.03(B)(1)(c).

{¶10}    In this case, 15 years to life was available because Bowers's victim was less than ten years old—a fact determined by the jury. *See* R.C. 2971.03(B)(1)(b).  The 15-years-to-life option became the statutory minimum because ten years to life is not available where either sentence in division (B)(1)(b) or (c) is available.  R.C. 2971.03(B)(1)(a).  Thus, the permissible sentencing floor was 15 years to life, and the ceiling was life without parole.

{¶11}    As painstakingly detailed in *Bowers I*, there was ample evidence that Bowers compelled his victim to submit by force.  *Bowers I*, 1st Dist. Hamilton No. C-150024, 2016-Ohio-904, at ¶ 4-6, 27.   Accordingly, 25 years to life was also an available option under the statutory sentencing scheme.  R.C. 2971.03(B)(1)(c).

{¶12}    While subsection (B)(1)(a) explicitly states that a ten-year minimum term is not an option if either 15- or 25-year minimum sentences are available, nothing in the language of the statute precludes a 15-year minimum term where a 25-year minimum term is also available.  *See State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9 (holding that when construing a statute, the court first examines its plain language and applies the statute as written when the meaning is clear and unambiguous).   Moreover, the introductory clause of the sentencing provision states that the trial court shall impose "one of the following"—not the longest—sentence, affording the trial court discretion.  *See* R.C. 2971.03(B)(1).

{¶13}    The dissent reads into this statute a nonexistent requirement that the trial court must impose the greatest of the available options.  While the plain language of the statute does not require this, even any arguable ambiguity concerning sentencing options would require an interpretation that both the 15- and 25-year options were

5

available. Pursuant to the rule of lenity, ambiguity in a sentencing statute cannot be interpreted so as to increase a minimum penalty. *See State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38 ("The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous."). Thus, the availability of the 25-years-to-life option does not automatically remove the 15-years-to-life option.

{¶14} Because the trial court was unaware that 15 years to life was an available option, we reverse Bower's sentence and remand for resentencing. However, this does not fully address the assignment of error because Bowers also argues that the trial court is constitutionally prohibited from making a factual finding to make the 25-years-to-life option available, and that the only options that should be available to the trial court on remand are 15 years to life or life without parole.

{¶15} ***The Statute does not Violate* Alleyne *or* Apprendi*.** We now consider whether a judge can constitutionally make a factual finding to support the imposition of the middle sentencing option of 25-years-to-life, as occurred below. Specifically, whether sentencing Bowers under R.C. 2971.03(B)(1)(c) without a jury finding of force violates the Sixth Amendment's prohibition against judicial fact-finding in sentencing as set forth in *Alleyne*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314, and *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

{¶16} The Sixth Amendment to and the Due Process Clause of the United States Constitution guarantee a defendant's right to have a jury determine whether the state has proven each element of a crime beyond a reasonable doubt. *Apprendi* at 476-477. This protection is extended to facts that expose a defendant to a sentencing range greater than would be otherwise legally prescribed absent the additional fact. *Id.* at 490.

Hence, judicial fact-finding that informs sentencing violates the Sixth Amendment only where the fact alters the mandatory minimum or available maximum sentence. *Alleyne* at 2162-2163 ("The essential point is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime."); *Apprendi* at 490, quoting *Jones v. United States*, 526 U.S. 227, 252-253, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), (Stevens, J. concurring.) (" 'It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.' "); *see State v. Willan*, 144 Ohio St.3d 94, 2015-Ohio-1475, 41 N.E.3d 366, ¶ 13-15 (explaining *Alleyne* and *Apprendi*); *State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902, ¶ 38-39.

{¶17} In this case, the judicial finding of "force" under R.C. 2971.03(B)(1)(c) altered neither the mandatory minimum or available maximum sentence. Instead, it allowed the trial court a middle option of 25 years to life. The fact of "force" therefore did not have to be submitted to the jury and proven beyond a reasonable doubt.

{¶18} The dissent's reliance upon *State v. Louis*, 2016-Ohio-7596, 73 N.E.3d 917 (4th Dist.), and *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, is inapropos. Both addressed judicial findings of fact that increased the available maximum sentence by making life without parole an available sentence. Significant to our analysis is that life without parole was an available sentence without any additional findings of fact. Accordingly, a trial court would be free to consider evidence of force to impose a life without parole sentence. *See* R.C. 2929.12(B) (in imposing sentence, a court shall consider "relevant factors" to determine whether an offender's conduct is more serious than conduct normally

7

constituting the offense). *See also Alleyne* at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial fact finding, does not violate the Sixth Amendment.").

{¶19} It would be problematic to conclude that even though a judicial fact-finding of "force" sub silentio is permissible to impose a maximum sentence, an express judicial fact-finding of "force" could not be used to make a lesser sentence available. To hold as the dissent suggests might subject a defendant to the maximum sentence by default where a trial judge decides the statutory minimum isn't sufficient punishment. And had the trial court agreed with the dissent that the middle option wasn't available and imposed life without parole, Bowers would likely be arguing that the middle option should have been available. Situational arguments do not make good law.

### Conclusion

{¶20} While Bowers's sentence was not constitutionally infirm, we are compelled to reverse his sentence and remand for resentencing because the trial court erroneously believed 15 years to life was not an available sentence. It therefore erred in applying R.C. 2971.03(B)(1). We cannot say that the trial court would not have sentenced Bowers to 15 years to life had the court recognized that option was available. We therefore sustain Bowers's assignment of error, reverse his sentence, and remand for resentencing on the rape conviction based on the three available options.

Judgment reversed and cause remanded.

**DETERS, J.,** concurs.
**ZAYAS, P.J.,** concurs in part, dissents in part.

**ZAYAS, P.J.,** concurring in part and dissenting in part.

{¶21} I concur that the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing. However, I would reverse the trial court's decision for different reasons than the majority. Unlike the majority, I conclude that the plain language of the statute prohibits a sentence of 25 years to life for the rape of a child under the age of ten. Furthermore, the Sixth Amendment prohibits the trial court from making a factual finding of force to increase the minimum sentence from 15 years to 25 years. Accordingly, I would vacate the sentence and remand the matter to the trial court to resentence Bowers in accordance with R.C. 2907.02(B) and 2971.03(B)(1)(b).

### Factual and Procedural Background

{¶22} Bowers was charged with and convicted by a jury of raping a child in violation of R.C. 2907.02(A)(1)(b), with the additional specification that the child was under the age of ten pursuant to R.C. 2971.03(B)(1)(b). *See Bowers I*, 1st Dist. Hamilton No. C-150024, 2016-Ohio-904, at ¶ 38. Bowers was not charged with or found guilty of purposefully compelling the victim to submit by force or threat of force.[1]

{¶23} He was initially sentenced to an indefinite term of 25 years to life, under R.C. 2971.03(A), which only applies when a sexually-violent-predator specification was included in the indictment. *Id.* at ¶ 39-41. Because Bowers was not charged with or convicted of a sexually-violent-predator specification, we reversed the sentence and remanded the matter to the trial court with instructions to resentence Bowers in accordance with R.C. 2907.02(B). *Id.* at ¶ 43.

---

[1] Bowers was also not charged with a forcible rape in violation of R.C. 2907.02(B).

{¶24}   On remand, the trial court imposed an indefinite term of 25 years to life after making a factual finding that Bowers had purposefully compelled the victim to submit by force or threat of force.  On appeal, Bowers argues the sentence of 25 years to life is not authorized because he was not charged with or convicted of purposely compelling his victim to submit by force or threat of force.

### The Plain Language of the Rape-Sentencing Statutes

{¶25}   A trial court is authorized to impose a sentence of life without parole pursuant to R.C. 2907.02(B) when the victim is under ten years of age.[2]  If the court does not impose a sentence of life without parole, then the court is required to impose a sentence under R.C. 2971.03.  Under R.C. 2971.03(B)(1), the court shall impose a minimum term of 15 years and a maximum of life imprisonment, if the victim was less than ten years of age.  R.C. 2971.03(B)(1)(b).  *See State v. Gibson*, 2d Dist. Clark No. 2013 CA 112, 2014-Ohio-5573, ¶ 13 (explaining that the trial court has three sentencing options for a defendant convicted of raping a child under ten years of age: "1) pursuant to R.C. 2907.02(B), the trial court can impose a sentence of life imprisonment without the possibility of parole; 2) pursuant to R.C. 2971.03(B)(1)(b), the trial court can sentence the defendant to life imprisonment *with* the possibility of parole after fifteen years; or 3) the trial court can sentence the defendant to an indefinite prison term with a minimum of fifteen years"); *State v. Tschudy*, 9th Dist. Summit No. 24053, 2008-Ohio-4073, ¶ 8 (concluding that when the trial court did not impose a sentence of life without parole for a violation of R.C. 2907.02(A)(1)(b), "the trial court was then mandated to impose an indefinite term of fifteen years to

---

[2] R.C. 2907.02(B) states in relevant part: "Except as otherwise provided in this division, * * * an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code.  * * * [I]f the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole."

life imprisonment."); *State v. Jones*, 12th Dist. Brown No. CA2014-09-017, 2015-Ohio-2314, ¶ 10-11 (holding that "the statutory range within which appellant could have been sentenced for [rape in violation of R.C. 2907.02(A)(1)(b), with the specification that the victim was less than ten years old at the time of the offense] was either fifteen years to life with the possibility of parole, pursuant to R.C. 2971.03(B)(1)(b), or life without parole, pursuant to R.C. 2907.02(B)"); *State v. Statzer*, 2016-Ohio-7434, 72 N.E.3d 1202, ¶ 30 (12th Dist.) (vacating a sentence of 18 years to life because the sentencing options for a rape conviction when the victim is under ten years of age are "an indefinite term of 15 years to life in prison, pursuant to R.C. 2971.03(B)(1)(b), or life without parole, pursuant to R.C. 2907.02(B)").

{¶26} Under R.C. 2971.03(B)(1)(c), a trial court is required to impose a sentence of 25 years to life for the rape of a child if the offender purposely compelled the victim to submit by force or threat of force, was previously convicted of violating R.C. 2907.02(A)(1)(b), or caused serious physical harm to the victim. *See State v. Bulls*, 9th Dist. Summit No. 27029, 2015-Ohio-276, ¶ 27 (explaining that the trial court was authorized to impose a term of 25 years to life because "[t]he jury found that Mr. Bulls violated R.C. 2907.02(A)(1)(b) and, in doing so, compelled T.H. to submit by force or the threat of force").

{¶27} Here, there is no dispute that Bowers was not charged with or found guilty of any of the aggravating, factual findings contained in R.C. 2971.03(B)(1)(c). Rather, he was charged with and convicted of the rape of a child under the age of ten. Under the plain language of R.C. 2971.03(B)(1), the mandatory minimum sentence for the rape of a child under ten is 15 years to life. *Tschudy* at ¶ 8; *Jones* at ¶ 10-11; *Statzer* at ¶ 30. Therefore, the trial court exceeded its statutory authority in sentencing Bowers to 25 years to life absent a conviction that included the

aggravated finding of compelling the victim to submit by force or threat of force. *See State v. Louis*, 2016-Ohio-7596, 73 N.E.3d 917, ¶ 77 (4th Dist.) (concluding that because the jury verdict form contained no specific finding that the victim was less than ten or that the offender used force or threat of force, had a prior conviction, or caused serious physical harm, the sentencing range for the rape of a child under 13 is a minimum term of ten years and a maximum term of life imprisonment).

{¶28}  Nevertheless, the majority concludes that the trial court may make the finding of force, independent of the jury, to impose a sentence of 25 years to life. In reaching this decision, the majority finds that the judicial fact-finding does not violate the Sixth Amendment because the finding allows a middle sentencing option instead of altering the minimum or maximum sentence imposed.  However, under R.C. 2971.03(B)(1), the minimum sentence varies "depending upon (b) the age of the victim, or other aggravating factors found in (c)." *Id.* at ¶ 76.  Thus, the majority fails to recognize that the judicial fact-finding in this case increases the statutory minimum sentence from 15 years to 25 years, in violation of *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

{¶29}  Although the trial court may impose a maximum sentence of life without parole, if the court chooses not to impose a life sentence under R.C. 2907.02(B), as it did twice in this case, the court "shall impose" an indefinite prison term.  R.C. 2971.03(B)(1).  Under R.C. 2971.03(B)(1), the court "shall impose" a minimum term of 25 years and a maximum term of life imprisonment if the offender purposely compelled the victim by force or threat of force.  R.C. 2971.03(B)(1)(c). The statute does not authorize the trial court to impose a minimum term of 15 years to life if the offender used force.  Thus, the majority's claim that the judicial finding

of force merely gives the trial court a middle sentencing option ignores the plain language of the statute.

{¶30} The majority's desire to give the trial court additional sentencing options is beyond the authority of this court. This court must respect the fact that the authority to make policy decisions was conferred solely on the General Assembly. *See Groch v. Gen. Motors Corp.,* 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212. The legislature "is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio." *State v. Taylor,* 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 12. Accordingly, "[j]udges have no inherent power to create sentences," *id.,* and instead "are duty-bound to apply sentencing laws as they are written." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, citing Griffin & Katz, *Ohio Felony Sentencing Law*, Section 1:3, 4, fn. 1 (2008).

{¶31} Prior to the enactment of Am.Sub.S.B. No. 260 in January 2007, any offender who was convicted of the rape of a child under ten or the forcible rape of a child automatically received a sentence of life imprisonment. *See* former R.C. 2907.02(B). After the amendment, the legislature authorized a trial court to impose an indefinite sentence of 15 years to life for the rape of a child under ten and authorized an indefinite sentence of 25 years to life when the offender used force. R.C. 2971.03(B)(1)(b) and (c). Had the legislature intended to give trial courts additional sentencing options, it would have explicitly done so.

### Judicial Fact-Finding that Increases the Statutory Minimum Sentence Violates the Sixth Amendment

{¶32} As the United States Supreme Court explained, the statutory minimum sentence is the minimum sentence the judge may impose based upon the

13

facts as reflected in the jury verdict. *Alleyne*, 570 U.S. 99, 133 S.Ct. 2151 at 2157-2158, 2161, 186 L.Ed.2d 314, fn.2 ("Juries must find any facts that increase either the statutory maximum or minimum."). Any "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158. In *Alleyne*, the court reviewed a sentencing statute that required a minimum sentence of five years if the offender used or carried a firearm. *Id.* at 2155. If the offender brandished the firearm, the sentence was increased to a minimum of seven years, and if the firearm were discharged, the sentence was increased to a minimum of ten years. *Id.* at 2155-2156. The jury verdict form included a finding that Alleyne used or carried a firearm, but did not include an additional finding that Alleyne brandished or discharged the firearm. *Id.* at 2156. The trial court made the factual finding that Alleyne had brandished the weapon and sentenced Alleyne to seven years on the conviction. *Id.*

{¶33} In reversing the sentence, the *Alleyne* court found that any "fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed." *Id.* at 2162. As the court further explained,

> But for a finding of brandishing, the penalty is five years to life in prison; with a finding of brandishing, the penalty becomes seven years to life. Just as the maximum of life marks the outer boundary of the range, so seven year marks its floor. * * * The essential point is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt.

*Id.* at 2162-2163. Because the sentencing range based upon the facts found by the jury was five years to life, the finding of brandishment by the court altered the range to seven years to life in violation of Alleyne's Sixth Amendment rights. *Id.* at 2163-2164.

{¶34} Here, the jury found Bowers guilty beyond a reasonable doubt of rape of a child under the age of ten. The minimum sentencing range for Bowers, based upon the facts as found by the jury, is 15 years to life. The aggravated factual finding of force by the court altered the minimum sentence to 25 years to life. Thus the factual finding by the court violated Bowers' Sixth Amendment rights. *See id.* *See also State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 120-121 (holding that the sentence for rape of a child based on the trial court's finding of serious physical harm, and not a jury finding, was contrary to law and in violation of *Apprendi*); *Louis*, 2016-Ohio-7596, 73 N.E.3d 917, at ¶ 79 (concluding that "because the jury did not specifically find Louis had a prior substantially similar rape conviction or caused serious physical harm during or immediately after the rapes, or the victim was less than ten, the trial court could not sentence her to life without parole" pursuant to *Alleyne*).

{¶35} Applying *Alleyne* to this case, the result is the same. The jury found that the victim was under the age of ten mandating a minimum penalty of 15 years to life. With a finding of force, the penalty increases to 25 years to life. Thus, the aggravating fact of force produces a higher sentencing range, and must therefore, be submitted to the jury and found beyond a reasonable doubt.

{¶36} The majority's reliance on the fact that the trial court may consider statutory factors in imposing a sentence within the statutory range is misguided. It is of no consequence that a trial court may consider "relevant factors," such as evidence

of force, to impose a sentence within the proscribed sentencing range. The *Alleyne* court made it clear that its holding did not disturb discretionary judicial fact-finding when imposing a sentence within the statutory range. *Alleyne* at 2163. Judges may constitutionally consider "various factors relating both to offense and offender – in imposing a judgment *within the range* prescribed by statute." (Emphasis in original.) *Id.*, quoting *Apprendi*, 530 U.S. at 481, 120 S.Ct. 2348, 147 L.Ed.2d 435. Any factual finding that determines or alters the statutory range by increasing either the mandatory minimum or maximum alters the legally proscribed range and must be done by a jury. *Id.* at 2161, fn. 2.

## Conclusion

{¶37} Ultimately, statutes must be applied as written. Because Bowers was found guilty by the jury of rape of a child under the age of ten, and the court decided not to impose a sentence of life without parole, the court was required to impose an indefinite sentence of 15 years to life. Allowing the court to engage in judicial fact-finding, that bypasses the jury, to increase the minimum sentence to 25 years to life violates Bowers' Sixth Amendment rights. I therefore respectfully dissent.

{¶38} Accordingly, I would sustain the assignment of error, reverse the sentence, and remand the matter to the trial court to resentence Bowers on the rape offense under R.C. 2907.02(B) and R.C. 2971.03(B)(1)(b).

Please note:

The court has recorded its own entry on the date of the release of this opinion.