O’Donnell, J.
{¶ 1} The Ninth District Court of Appeals certified a conflict between its decision in this case and decisions of the Fifth District Court of Appeals in State v. Gillespie, 2012-Ohio-3485, 975 N.E.2d 492 (5th Dist.) and State v. David, 5th Dist. Licking No. 11-CA-110, 2012-Ohio-3984, 2012 WL 3776917, on the following issue: whether the defendant may benefit from the decrease in a classification and penalty of an offense enacted by the General Assembly that becomes effective after the commission of the offense but before sentencing on that offense.
{¶ 2} On July 23, 2011, Lucious Taylor stole $550 worth of cologne from a Sears store. At that time, R.C. 2913.02 classified that theft offense as a fifth-degree felony. However, prior to sentencing, the General Assembly enacted Am.Sub.H.B. No. 86 (“H.B. 86”), effective September 30, 2011, which amended several sections of the criminal code to decrease the offense classifications, thereby reducing the penalty or punishment for some offenses, and among other changes made theft of property valued at less than $1,000 a first-degree misdemeanor and correspondingly reduced the maximum punishment for the offense. On December 27, 2011, the trial court convicted Taylor of a misdemeanor and sentenced him for that offense. The appellate court, in a two-to-one decision, reversed the trial court and held that because nothing in H.B. 86 provided that Taylor was entitled to benefit from the decrease in classification of the theft offense, he should have been convicted of a felony, but had been correctly sentenced as a misdemeanant.
{¶ 3} The outcome of this case is directly affected by R.C. 1.58(B), which specifies that if the penalty or punishment for an offense has been reduced by amendment of a statute, the reduced penalty or punishment shall be imposed unless sentence had been previously imposed.
{¶ 4} We answer the certified question in the affirmative and conclude that the legislature intended to afford the benefit of a decreased theft offense classification to offenders like Taylor, and therefore the trial court properly convicted and sentenced him for a misdemeanor violation.
Facts and Procedural History
{¶ 5} On July 23, 2011, Lucious Taylor shoplifted $550 worth of cologne from a Sears department store in Akron, Ohio. A Summit County grand jury subse *196 quently indicted him for theft of property valued at $500 or more but less than $5,000, a fifth-degree felony.
{¶ 6} Effective September 30, 2011, the General Assembly enacted H.B. 86, and among other changes to Ohio’s sentencing laws, it decreased the classification of theft of property valued at less than $1,000, making the offense a first-degree misdemeanor, which correspondingly reduced the punishment for that offense.
{¶ 7} On December 19, 2011, Taylor pled no contest to theft, and the trial court convicted and sentenced him for a first-degree misdemeanor.
{¶ 8} The state obtained leave to appeal the court’s decision to convict Taylor of a misdemeanor rather than a felony. In a divided opinion, the Ninth District Court of Appeals concluded that the trial court had properly sentenced Taylor as a first-degree misdemeanant, but it determined that the court should have convicted Taylor of a felony, because the General Assembly had not made the amendments to R.C. 2913.02 retroactive and because it concluded that R.C. 1.58(B) applies only to the penalty, forfeiture, or punishment for an offense, not to decreases in classification or degree of offenses.
{¶ 9} The dissent in the appellate court referenced the uncodified law enacted by H.B. 86, noting that it afforded the benefit of the amendments to all offenders included pursuant to R.C. 1.58(B), not only those who committed offenses on or after the effective date of the enactment. It concluded that because R.C. 1.58 applied to Taylor, the decrease in classification and degree enacted by H.B. 86 should apply as well.
{¶ 10} The appellate court certified a conflict with State v. Gillespie, 2012-Ohio-3485, 975 N.E.2d 492 (5th Dist.), and State v. David, 5th Dist. Licking No. 11-CA-110, 2012-Ohio-3984, 2012 WL 3776917. In the conflict cases, the Fifth District Court of Appeals concluded that by incorporating R.C. 1.58(B) in uncodified law enacted by H.B. 86, the General Assembly signaled its intent for the amended version of R.C. 2913.02 to apply to a person sentenced on and after September 30, 2011. The court explained that the value of the property stolen relates only to the penalty that may be imposed, and for property valued at less than $1,000, “[t]hat penalty is a misdemeanor offense with a misdemeanor sentence not a felony offense with a misdemeanor sentence.” Gillespie at ¶ 15.
{¶ 11} We accepted the certified conflict for resolution.
Law and Analysis
{¶ 12} The General Assembly is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio. State v. Bates, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 12; State v. Thompkins, 75 Ohio St.3d 558, 560, 664 N.E.2d 926 (1996); State v. Rush, 83 Ohio St.3d 53, 57, 697 N.E.2d 634 (1998) (opinion of Moyer, C.J., and Cook and Lundberg Stratton, JJ.).
*197 {¶ 13} We have recognized that concomitant with its plenary power to prescribe crimes and penalties, the legislature may extend the benefit of lesser penalties and reduced punishment to those who committed offenses prior to the effective date of legislation. State v. Morris, 55 Ohio St.2d 101, 378 N.E.2d 708 (1978), syllabus. However, an offender may not benefit from a reduction in the penalty or punishment when the legislature expressly provides that the amended sentencing provisions apply only to those offenses committed on or after the effective date of the enactment. See Rush at paragraph two of the syllabus.
{¶ 14} Our role, in the exercise of the judicial power granted to us by the Constitution, is to interpret the law that the General Assembly enacts, and the primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. State v. Robinson, 124 Ohio St.3d 76, 2009-Ohio-5937, 919 N.E.2d 190, ¶ 18. We are guided in this task in this case by the uncodified language provided in Section 4 of H.B. 86:
The amendments to section[ ] * * * 2913.02 * * * of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.
{¶ 15} R.C. 1.58(B) provides: “If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.”
{¶ 16} The central position advanced by the state is that R.C. 1.58(B) refers to amendments to the penalty, forfeiture, or punishment for an offense and does not refer to amendments to the classification or degree of an offense. The flaw in that position, however, is that implicit in a decrease in the classification of an offense from a felony of the fifth degree to a misdemeanor of the first degree is a corresponding reduction in the penalty or punishment for that conduct. That is what has occurred here, and we resolve this case in accordance with the express intent of the legislature as contained in the title of H.B. 86: “to increase from $500 to $1,000 the threshold amount for determining increased penalties for theft-related offenses * * * [and] to increase by 50% the other threshold amounts for determining increased penalties for those offenses.”
{¶ 17} The real question presented here is not that the amendments to R.C. 2913.02 changed the penalty or punishment provisions or the criminal offense classifications, but rather whether the amendments apply to those in Taylor’s circumstances, who had committed the theft offense prior to the effective date of *198 the amendment. In this regard, the legislature intended that the amendments apply to all offenders, regardless of when their offenses were committed, because it conditioned application of the reduced penalty — which arises by virtue of the reduced classification — on whether or not the offenders had been previously sentenced. This conclusion accords with the goals of the General Assembly to reduce the state’s prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison. Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011), available at www.legislative.state.oh.us/fiscalnotes.cfm7ID=129_HB_86&ACT= As% 20Enrolled (accessed Dec. 17, 2013).
{¶ 18} In resolving this case, the appellate court concluded that Taylor should have been convicted of a felony offense but sentenced as a misdemeanant. Notably, the legislature has provided no statutory authority for those convicted of a felony offense to be sentenced pursuant to the sentencing statute for misde-meanants. And as we observed in State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332:
Judges have no inherent power to create sentences. * * * Rather, judges are duty-bound to apply sentencing laws as they are written. * * * “[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law.” Colegrove [v. Burns], 175 Ohio St. [437,] 438, 25 O.O.2d 447, 195 N.E.2d 811 [(1964)].
Id. at ¶ 22.
Conclusion
{¶ 19} R.C. 1.58(B) provides that if the penalty or punishment for an offense is reduced by amendment of a statute and if sentence has not already been imposed, then the amended reduced penalty or punishment shall be imposed. Thus, in accordance with R.C. 1.58(B) and the uncodified portion of Section 4 of H.B. 86, the determining factor on whether the provisions of H.B. 86 apply to an offender is not the date of the commission of the offense but rather whether sentence has been imposed.
{¶ 20} In this case, Taylor had not been sentenced as of the date the amendments became effective and therefore pursuant to R.C. 1.58(B), the court had a duty to impose sentence in accord with the amended statutes.
*199 {¶ 21} We therefore answer the certified conflict in the affirmative and reverse the judgment of the court of appeals.
Judgment reversed.
Pfeifer, Acting C.J., and Harsha, Lanzinger, Kennedy, and O’Neill, JJ., concur.
French, J., dissents.
William H. Harsha, J., of the Fourth Appellate District, sitting for O’Connor, C.J.