[Cite as *State v. Raynovich*, 2014-Ohio-2246.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 65 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CLIFFORD RAYNOVICH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 11 CR 788

JUDGMENT:     Reversed.  Sentence Vacated.
Remanded.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Lynn A. Maro
7081 West Blvd., Suite 4
Youngstown, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  May 23, 2014

WAITE, J.

**{¶1}** Appellant stole $549 from a Rite Aid Pharmacy in 2011 and was charged with felony theft. At the time of the offense, the theft of property worth $500 to $5,000 was a fifth degree felony, and theft of property worth less than $500 was misdemeanor petty theft. *See* former R.C. 2913.02(B)(2). While the case was pending, the criminal theft statute was amended in 2011 Am.Sub.H.B. 86 ("H.B. 86"). The limit for petty theft was raised to $1,000. Appellant eventually entered a no contest plea to one count of theft. The state argued that Appellant could be sentenced under misdemeanor sentencing provisions, but the degree of the crime should remain a felony since the crime was a felony at the time it was committed. The trial judge agreed and determined that Appellant would be convicted of a felony but sentenced for a misdemeanor, based on the operation of R.C. 1.58(B). Appellant argues on appeal that he should not have been convicted of felony theft because the degree of the theft is determined at sentencing, and at the time of sentencing he was guilty of only petty theft.

**{¶2}** During the pendency of this appeal, the Ohio Supreme Court ruled, in *State v. Taylor*, that "the legislature intended to afford the benefit of a decreased theft offense classification to offenders like Taylor, and therefore the trial court properly convicted and sentenced him for a misdemeanor violation." *State v. Taylor,* 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶4. Appellant's theft offense classification and the operation of H.B. 86 and R.C. 1.58(B) are similar to the circumstances of the *Taylor* case. Therefore, he should have been convicted of and sentenced on a

misdemeanor. Appellant's sentence is hereby vacated, and the case is remanded for resentencing.

## Background

{¶3} On July 5, 2011, Appellant robbed the Rite Aid Pharmacy on McCartney Road in Youngstown. He took $549 from the cash register and stole a candy bar. He was indicted for robbery on August 4, 2011. It was later determined that the proper charge should have been theft, pursuant to R.C. 2913.02, and not robbery. At the time the theft was committed, R.C. 2913.02(B) stated that the theft of property worth $500 to $5,000 was a fifth degree felony. If the amount in issue was less than $500, the crime was a petty theft, a first degree misdemeanor.

{¶4} On September 30, 2011, while the criminal case was still pending, R.C. 2913.02 was amended as part of H.B. 86. The amended law raised the monetary limit for petty theft to $1,000: "(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree."

{¶5} On January 23, 2012, Appellant entered a no contest plea to one count of theft. The indictment was amended to reflect that the charge was for theft rather than robbery. At the plea hearing, the parties discussed the impact of R.C. 1.58(B) on the case, which gives a criminal defendant the benefit of a reduced "penalty, forfeiture, or punishment" in an amended criminal statute. The parties agreed that

R.C. 1.58(B) required the court to give Appellant the benefit of the reduced penalty for theft pursuant to H.B. 86. The state argued, though, that Appellant should still be convicted of a felony, since the crime was classified as a felony at the time it was committed. The trial judge ultimately agreed, and determined that the conviction would remain a felony, but that Appellant would be sentenced for misdemeanor theft based on the operation of R.C. 1.58(B). The sentencing hearing took place on March 9, 2012, and the judgment entry of conviction and sentence was filed on March 13, 2012. The court convicted Appellant of fifth degree felony theft and sentenced him to two years of community control supervised by the Ohio Adult Parole Authority, with the first six months spent in the Mahoning County Justice Center, and a $1,000 fine, which was suspended. The court also imposed three years of post-release control. This timely appeal followed.

ASSIGNMENT OF ERROR

The Trial Court Erred When it Convicted Appellant of a Fifth-degree Felony, When the General Assembly Intended the Offense Committed to Be Categorized as a First Degree Misdemeanor.

{¶6} The issue in this appeal is whether a defendant who committed a theft offense prior to enactment of H.B. 86, but who is sentenced after the effective date of H.B. 86, retroactively receives the benefit of the amendment to R.C. 2913.02(B)(2) reducing the level of the crime from a felony to a misdemeanor. This issue has recently been reviewed by the Ohio Supreme Court in the *Taylor* case. Pursuant to

*Taylor*, we hold that Appellant should have been convicted of and sentenced to a misdemeanor due to the amendments to R.C. 2913.02 and the effect of R.C. 1.58(B).

{¶7} The matter under review involves a matter of law and is reviewed by us *de novo*. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶16.

{¶8} There is no question that Appellant committed the crime prior to the enactment of H.B. 86 and was sentenced after its effective date. There is no question that, prior to H.B. 86, the theft of $549 constituted a fifth degree felony and that after its effective date the crime became a first degree misdemeanor, and is now designated as a petty theft. Both parties contend that R.C. 1.58(B) determines the outcome of this case. R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." In Ohio, when the General Assembly reenacts, amends, or repeals a criminal statute, the substantive provisions of the former law apply to all pending prosecutions, but the defendants receive the benefit of a reduced "penalty, forfeiture, or punishment" in the statute as amended, unless the General Assembly expresses another intent. *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634 (1998). R.C. 1.58(B) abrogates the common law, which provided that a crime abated when the criminal statute was repealed by amending legislation. *State v. Lawrence*, 74 Ohio St. 38, 44, 77 N.E. 266 (1906). Under R.C. 1.58(B), the crime does not abate, but any reduced penalties are applied retroactively.

{¶9} Appellee argues that R.C. 1.58(B) only gives the defendant the benefit of a reduced penalty or punishment, rather than a reduction in the degree of the

offense itself. Appellee does not believe that the designation of a theft as a misdemeanor or felony is part of the penalty, but rather, is part of the substantive aspect of the crime. In support, Appellee cites *State v. Steinfurth*, 8th Dist. No. 97549, 2012-Ohio-3257, *not accepted for review* 133 Ohio St.3d 1491, 2012-Ohio-5459, 978 N.E.2d 910. Like Appellant, Steinfurth committed his crime prior to the enactment of H.B. 86, entered into a plea agreement, and was sentenced after the effective date of the new law. The trial judge entered a conviction for fifth degree felony theft, but agreed to sentence Steinfurth using the penalties for a first degree misdemeanor. Steinfurth appealed, arguing that the crime should have been designated as a misdemeanor due to the change in the law. In its brief analysis of the issue, the Eighth District primarily relied on R.C. 1.58, and concluded that under R.C. 1.58(B), Steinfurth was entitled to only a reduced penalty, and that the crime remained a fifth degree felony because it occurred prior to the effective date of H.B. 86.

{¶10} The reasoning used in *Steinfurth* was rejected by the Ohio Supreme Court in *Taylor*. Taylor shoplifted $550 worth of merchandise from a Sears department store in Akron, Ohio, and was indicted on fifth-degree felony theft. While his case was pending, H.B. 86 became effective, decreasing the classification of theft of property valued under $1,000 to a first-degree misdemeanor. He pleaded no contest to the charge, and the trial court convicted and sentenced Taylor to a misdemeanor. The prosecutor filed an appeal, and the Ninth District Court of Appeals agreed with the prosecutor "that the trial court had properly sentenced Taylor as a first-degree misdemeanant, but it determined that the court should have

convicted Taylor of a felony, because the General Assembly had not made the amendments to R.C. 2913.02 retroactive and because it concluded that R.C. 1.58(B) applies only to the penalty, forfeiture, or punishment for an offense, not to decreases in classification or degree of offenses." *Taylor* at ¶8. The case was further appealed to the Ohio Supreme Court.

**{¶11}** In rejecting the analysis of the Ninth District, the Ohio Supreme Court reasoned that "the legislature may extend the benefit of lesser penalties and reduced punishment to those who committed offenses prior to the effective date of legislation. However, an offender may not benefit from a reduction in the penalty or punishment when the legislature expressly provides that the amended sentencing provisions apply only to those offenses committed on or after the effective date of the enactment." (Citations omitted.) *Id.* at ¶13. The court examined the uncodified notes of H.B. 86 that stated that the amendments to the theft statute applied to persons "to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." *Id.* at ¶14. R.C. 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." The court held that the statutory revisions applied to all offenders who had not yet been sentenced, which meant that both the revised degree of the crime and the revised punishment applied to these offenders. *Id.* at ¶17. The court also noted that there was no statutory provision for convicting someone of a felony but sentencing as though the conviction was a misdemeanor. *Id.* at ¶18.

**{¶12}** Based on the reasoning and holding of *Taylor*, Appellant's assignment of error has merit and is sustained.

Conclusion

**{¶13}** In conclusion, pursuant to *Taylor*, Appellant is entitled to have the degree of his offense changed from a fifth degree felony to a first degree misdemeanor. H.B. 86 specifically states that amendments in H.B. 86 apply to those who have not yet been sentenced on the effective date of the act. Appellant's crime became a misdemeanor on the effective date of H.B. 86, well before the date Appellant was sentenced. Additionally, there is no statutory provision allowing a court to order a felony conviction but impose a misdemeanor sentence. Since the judgment entry in this case states that Appellant was convicted of a felony, and because it imposed a sentence that has aspects of both felony and misdemeanor sentences, the sentence is vacated and this case is remanded for resentencing. The trial court should be clear that Appellant is being convicted of, and sentenced on a misdemeanor theft.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.