Zayas, P.J., concurring in part and dissenting in part.
 

 {¶ 21} I concur that the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing. However, I would reverse the trial court's decision for different reasons than the majority. Unlike the majority, I conclude that the plain language of the statute prohibits a sentence of 25 years to life for the rape of a child under the age of ten. Furthermore, the Sixth Amendment prohibits the trial court from making a factual finding of force to increase the minimum sentence from 15 years to 25 years. Accordingly, I would vacate the sentence and remand the matter to the trial court to resentence Bowers in accordance with R.C. 2907.02(B) and 2971.03(B)(1)(b).
 

 Factual and Procedural Background
 

 {¶ 22} Bowers was charged with and convicted by a jury of raping a child in violation of R.C. 2907.02(A)(1)(b), with the additional specification that the child was under the age of ten pursuant to R.C. 2971.03(B)(1)(b).
 
 See
 

 Bowers I
 
 , 1st Dist. Hamilton No. C-150024,
 
 2016-Ohio-904
 
 , at ¶ 38,
 
 2016 WL 901119
 
 . Bowers was not charged with or found guilty of purposefully compelling the victim to submit by force or threat of force.
 
 [1]
 

 {¶ 23} He was initially sentenced to an indefinite term of 25 years to life, under R.C. 2971.03(A), which only applies when a sexually-violent-predator specification was included in the indictment.
 
 Id.
 
 at ¶39-41. Because Bowers was not charged with or convicted of a sexually-violent-predator specification, we reversed the sentence and remanded the matter to the trial court with instructions to resentence Bowers in accordance with R.C. 2907.02(B).
 
 Id.
 
 at ¶43.
 

 {¶ 24} On remand, the trial court imposed an indefinite term of 25 years to life after making a factual finding that Bowers had purposefully compelled the victim to submit by force or threat of force. On appeal, Bowers argues the sentence of 25 years to life is not authorized because he was not charged with or convicted of purposely
 compelling his victim to submit by force or threat of force.
 

 The Plain Language of the Rape-Sentencing Statutes
 

 {¶ 25} A trial court is authorized to impose a sentence of life without parole pursuant to R.C. 2907.02(B) when the victim is under ten years of age.
 
 [2]
 
 If the court does not impose a sentence of life without parole, then the court is required to impose a sentence under R.C. 2971.03. Under R.C. 2971.03(B)(1), the court shall impose a minimum term of 15 years and a maximum of life imprisonment, if the victim was less than ten years of age. R.C. 2971.03(B)(1)(b).
 
 See
 

 State v. Gibson
 
 , 2d Dist. Clark No. 2013 CA 112,
 
 2014-Ohio-5573
 
 ,
 
 2014 WL 7224625
 
 , ¶ 13 (explaining that the trial court has three sentencing options for a defendant convicted of raping a child under ten years of age: "1) pursuant to R.C. 2907.02(B), the trial court can impose a sentence of life imprisonment without the possibility of parole; 2) pursuant to R.C. 2971.03(B)(1)(b), the trial court can sentence the defendant to life imprisonment
 
 with
 
 the possibility of parole after fifteen years; or 3) the trial court can sentence the defendant to an indefinite prison term with a minimum of fifteen years");
 
 State v. Tschudy
 
 , 9th Dist. Summit No. 24053,
 
 2008-Ohio-4073
 
 ,
 
 2008 WL 3413028
 
 , ¶ 8 (concluding that when the trial court did not impose a sentence of life without parole for a violation of R.C. 2907.02(A)(1)(b), "the trial court was then mandated to impose an indefinite term of fifteen years to life imprisonment.");
 
 State v. Jones
 
 , 12th Dist. Brown No. CA2014-09-017,
 
 2015-Ohio-2314
 
 ,
 
 2015 WL 3671687
 
 , ¶ 10-11 (holding that "the statutory range within which appellant could have been sentenced for [rape in violation of R.C. 2907.02(A)(1)(b), with the specification that the victim was less than ten years old at the time of the offense] was either fifteen years to life with the possibility of parole, pursuant to R.C. 2971.03(B)(1)(b), or life without parole, pursuant to R.C. 2907.02(B)");
 
 State v. Statzer
 
 ,
 
 2016-Ohio-7434
 
 ,
 
 72 N.E.3d 1202
 
 , ¶ 30 (12th Dist.) (vacating a sentence of 18 years to life because the sentencing options for a rape conviction when the victim is under ten years of age are "an indefinite term of 15 years to life in prison, pursuant to R.C. 2971.03(B)(1)(b), or life without parole, pursuant to R.C. 2907.02(B)").
 

 {¶ 26} Under R.C. 2971.03(B)(1)(c), a trial court is required to impose a sentence of 25 years to life for the rape of a child if the offender purposely compelled the victim to submit by force or threat of force, was previously convicted of violating R.C. 2907.02(A)(1)(b), or caused serious physical harm to the victim.
 
 See
 

 State v. Bulls
 
 , 9th Dist. Summit No. 27029,
 
 2015-Ohio-276
 
 ,
 
 2015 WL 340847
 
 , ¶ 27 (explaining that the trial court was authorized to impose a term of 25 years to life because "[t]he jury found that Mr. Bulls violated R.C. 2907.02(A)(1)(b) and, in doing so, compelled T.H. to submit by force or the threat of force").
 

 {¶ 27} Here, there is no dispute that Bowers was not charged with or found guilty of any of the aggravating, factual findings contained in R.C. 2971.03(B)(1)(c). Rather, he was charged with and convicted
 of the rape of a child under the age of ten. Under the plain language of R.C. 2971.03(B)(1), the mandatory minimum sentence for the rape of a child under ten is 15 years to life.
 
 Tschudy
 
 at ¶ 8 ;
 
 Jones
 
 at ¶ 10-11 ;
 
 Statzer
 
 at ¶ 30. Therefore, the trial court exceeded its statutory authority in sentencing Bowers to 25 years to life absent a conviction that included the aggravated finding of compelling the victim to submit by force or threat of force.
 
 See
 

 State v. Louis
 
 ,
 
 2016-Ohio-7596
 
 ,
 
 73 N.E.3d 917
 
 , ¶ 77 (4th Dist.) (concluding that because the jury verdict form contained no specific finding that the victim was less than ten or that the offender used force or threat of force, had a prior conviction, or caused serious physical harm, the sentencing range for the rape of a child under 13 is a minimum term of ten years and a maximum term of life imprisonment).
 

 {¶ 28} Nevertheless, the majority concludes that the trial court may make the finding of force, independent of the jury, to impose a sentence of 25 years to life. In reaching this decision, the majority finds that the judicial fact-finding does not violate the Sixth Amendment because the finding allows a middle sentencing option instead of altering the minimum or maximum sentence imposed. However, under R.C. 2971.03(B)(1), the minimum sentence varies "depending upon (b) the age of the victim, or other aggravating factors found in (c)."
 
 Id.
 
 at ¶ 76. Thus, the majority fails to recognize that the judicial fact-finding in this case increases the statutory minimum sentence from 15 years to 25 years, in violation of
 
 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 ,
 
 186 L.Ed.2d 314
 
 (2013).
 

 {¶ 29} Although the trial court may impose a maximum sentence of life without parole, if the court chooses not to impose a life sentence under R.C. 2907.02(B), as it did twice in this case, the court "shall impose" an indefinite prison term. R.C. 2971.03(B)(1). Under R.C. 2971.03(B)(1), the court "shall impose" a minimum term of 25 years and a maximum term of life imprisonment if the offender purposely compelled the victim by force or threat of force. R.C. 2971.03(B)(1)(c). The statute does not authorize the trial court to impose a minimum term of 15 years to life if the offender used force. Thus, the majority's claim that the judicial finding of force merely gives the trial court a middle sentencing option ignores the plain language of the statute.
 

 {¶ 30} The majority's desire to give the trial court additional sentencing options is beyond the authority of this court. This court must respect the fact that the authority to make policy decisions was conferred solely on the General Assembly.
 
 See
 

 Groch v. Gen. Motors Corp.,
 

 117 Ohio St.3d 192
 
 ,
 
 2008-Ohio-546
 
 ,
 
 883 N.E.2d 377
 
 , ¶ 212. The legislature "is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio."
 
 State v. Taylor,
 

 138 Ohio St.3d 194
 
 ,
 
 2014-Ohio-460
 
 ,
 
 5 N.E.3d 612
 
 , ¶ 12. Accordingly, "[j]udges have no inherent power to create sentences,"
 

 id.,
 

 and instead "are duty-bound to apply sentencing laws as they are written."
 
 State v. Fischer,
 

 128 Ohio St.3d 92
 
 ,
 
 2010-Ohio-6238
 
 ,
 
 942 N.E.2d 332
 
 , ¶ 22, citing Griffin & Katz,
 
 Ohio Felony Sentencing Law
 
 , Section 1:3, 4, fn. 1 (2008).
 

 {¶ 31} Prior to the enactment of Am.Sub.S.B. No. 260 in January 2007, any offender who was convicted of the rape of a child under ten or the forcible rape of a child automatically received a sentence of life imprisonment.
 
 See
 
 former R.C. 2907.02(B). After the amendment, the legislature authorized a trial court to impose an indefinite sentence of 15 years to life for the rape of a child under ten and authorized an indefinite sentence of 25
 years to life when the offender used force. R.C. 2971.03(B)(1)(b) and (c). Had the legislature intended to give trial courts additional sentencing options, it would have explicitly done so.
 

 Judicial Fact-Finding that Increases the Statutory Minimum Sentence Violates the Sixth Amendment
 

 {¶ 32} As the United States Supreme Court explained, the statutory minimum sentence is the minimum sentence the judge may impose based upon the facts as reflected in the jury verdict.
 
 Alleyne
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 at 2157-2158, 2161,
 
 186 L.Ed.2d 314
 
 , fn.2 ("Juries must find any facts that increase either the statutory maximum or minimum."). Any "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."
 
 Id.
 
 at 2158. In
 
 Alleyne
 
 , the court reviewed a sentencing statute that required a minimum sentence of five years if the offender used or carried a firearm.
 
 Id.
 
 at 2155. If the offender brandished the firearm, the sentence was increased to a minimum of seven years, and if the firearm were discharged, the sentence was increased to a minimum of ten years.
 
 Id.
 
 at 2155-2156. The jury verdict form included a finding that Alleyne used or carried a firearm, but did not include an additional finding that Alleyne brandished or discharged the firearm.
 
 Id.
 
 at 2156. The trial court made the factual finding that Alleyne had brandished the weapon and sentenced Alleyne to seven years on the conviction.
 
 Id.
 

 {¶ 33} In reversing the sentence, the
 
 Alleyne
 
 court found that any "fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed."
 
 Id.
 
 at 2162. As the court further explained,
 

 But for a finding of brandishing, the penalty is five years to life in prison; with a finding of brandishing, the penalty becomes seven years to life. Just as the maximum of life marks the outer boundary of the range, so seven year marks its floor. * * * The essential point is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt.
 

 Id.
 
 at 2162-2163. Because the sentencing range based upon the facts found by the jury was five years to life, the finding of brandishment by the court altered the range to seven years to life in violation of Alleyne's Sixth Amendment rights.
 
 Id.
 
 at 2163-2164.
 

 {¶ 34} Here, the jury found Bowers guilty beyond a reasonable doubt of rape of a child under the age of ten. The minimum sentencing range for Bowers, based upon the facts as found by the jury, is 15 years to life. The aggravated factual finding of force by the court altered the minimum sentence to 25 years to life. Thus the factual finding by the court violated Bowers' Sixth Amendment rights.
 
 See
 

 Id.
 

 See also
 

 State v. Setty
 
 , 12th Dist. Clermont Nos. CA2013-06-049 and CA201306050,
 
 2014-Ohio-2340
 
 ,
 
 2014 WL 2526073
 
 , ¶ 120-12 1 (holding that the sentence for rape of a child based on the trial court's finding of serious physical harm, and not a jury finding, was contrary to law and in violation of
 
 Apprendi
 
 );
 
 Louis
 
 ,
 
 2016-Ohio-7596
 
 ,
 
 73 N.E.3d 917
 
 , at ¶ 79 (concluding that "because the jury did not specifically find Louis had a prior substantially similar rape conviction or caused serious physical harm during or immediately after the rapes, or the victim was less than ten, the trial court could not sentence her to life without parole" pursuant to
 
 Alleyne
 
 ).
 

 {¶ 35} Applying
 
 Alleyne
 
 to this case, the result is the same. The jury found that the victim was under the age of ten mandating a minimum penalty of 15 years to life. With a finding of force, the penalty increases to 25 years to life. Thus, the aggravating fact of force produces a higher sentencing range, and must therefore, be submitted to the jury and found beyond a reasonable doubt.
 

 {¶ 36} The majority's reliance on the fact that the trial court may consider statutory factors in imposing a sentence within the statutory range is misguided. It is of no consequence that a trial court may consider "relevant factors," such as evidence of force, to impose a sentence within the proscribed sentencing range. The
 
 Alleyne
 
 court made it clear that its holding did not disturb discretionary judicial fact-finding when imposing a sentence within the statutory range.
 
 Alleyne
 
 at 2163. Judges may constitutionally consider "various factors relating both to offense and offender-in imposing a judgment
 
 within the range
 
 prescribed by statute." (Emphasis in original.)
 

 Id.
 

 , quoting
 
 Apprendi
 
 ,
 
 530 U.S. at 481
 
 ,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 . Any factual finding that determines or alters the statutory range by increasing either the mandatory minimum or maximum alters the legally proscribed range and must be done by a jury.
 
 Id.
 
 at 2161, fn. 2.
 

 Conclusion
 

 {¶ 37} Ultimately, statutes must be applied as written. Because Bowers was found guilty by the jury of rape of a child under the age of ten, and the court decided not to impose a sentence of life without parole, the court was required to impose an indefinite sentence of 15 years to life. Allowing the court to engage in judicial fact-finding, that bypasses the jury, to increase the minimum sentence to 25 years to life violates Bowers' Sixth Amendment rights. I therefore respectfully dissent.
 

 {¶ 38} Accordingly, I would sustain the assignment of error, reverse the sentence, and remand the matter to the trial court to resentence Bowers on the rape offense under R.C. 2907.02(B) and R.C. 2971.03(B)(1)(b).
 

 Bowers was also not charged with a forcible rape in violation of R.C. 2907.02(B).
 

 R.C. 2907.02(B) states in relevant part: "Except as otherwise provided in this division, * * * an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code. * * * [I]f the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole."