[Cite as *State v. Reedy*, 2026-Ohio-1119.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA000022 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 25 CR 42 |
| REBEKKA D. REEDY | Judgment: Reversed |
| Defendant – Appellant | Date of Judgment Entry: March 27, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** MARK A. PERLAKY, for Plaintiff-Appellee; MICHAEL GROH, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant, Rebekka D. Reedy, appeals the June 10, 2025 judgment entry of sentence from the Guernsey County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 25, 2025, the Guernsey County Grand Jury indicted Reedy on one count of aggravated trafficking in drugs in violation of R.C. 2925.03, one count of aggravated possession of drugs in violation of R.C. 2925.11, one count of trafficking in Fentanyl-related compound in violation of R.C. 2925.03, one count of possession of a Fentanyl-related compound in violation of R.C. 2925.11, one count of having weapons while under disability in violation of R.C. 2923.13, and one count of improperly handling

firearms in a motor vehicle in violation of R.C. 2923.16. All charges stemmed from a traffic stop; items were confiscated from the vehicle she had been driving. The indictment did not include any specifications for the forfeiture of property.

{¶ 3} On April 24, 2025, Reedy pled guilty to the aggravated trafficking in drugs count, the trafficking in Fentanyl-related compound count, and the weapons count; the remaining counts were dismissed. Reedy also agreed that all items of contraband would be destroyed. There was no indication of what those items consisted of.

{¶ 4} On May 22, 2025, Reedy filed a pro se motion for release of evidence/property. She sought the return of all property confiscated from her vehicle that was not contraband, relevant to this appeal, her Motorola G Stylus 5G cellphone. The trial court heard the motion during the June 9, 2025 sentencing hearing. By judgment entry of sentence filed June 10, 2025, the trial court sentenced Reedy to a total aggregate term of a minimum nine years, six years mandatory, to a maximum twelve years in prison. The trial court ordered the destruction of the items seized from Reedy as listed in Exhibit A which was attached to the judgment entry, except for a weapon and ammunition which were forfeited to the Guernsey County Sherrif's Office. The cellphone was included on the list of items to be destroyed.

{¶ 5} Reedy filed an appeal with the following assignment of error:

I

{¶ 6} "THE TRIAL COURT ERRED IN ORDERING THE CRIMINAL FORFEITURE OF APPELLANT'S CELL PHONE AS THE TRIAL COURT LACKED THE STATUTORY AUTHORITY TO ORDER ITS FORFEITURE."

I

{¶ 7}   In her sole assignment of error, Reedy claims the trial court erred in ordering the forfeiture of her cellphone.  We agree.

{¶ 8}   The underlying issue of this case is that Reedy's cellphone was forfeited to the State as contraband after she had pleaded guilty.  Although the cellphone was known to the State at the time of the indictment, and was in its possession, the indictment did not contain a forfeiture specification as required by R.C. 2981.04(A)(1).  The State sought to obviate this statutory requirement through its plea agreement with Reedy.  For the reasons that follow, we hold this was not a proper forfeiture and therefore reverse the trial court's judgment in this regard.

{¶ 9}   The State agrees that at no time did the prosecutor file a forfeiture specification or give notice in compliance with the statute.  Appellee's Brief at 4.  But the State argues it was not required to do so because Reedy pled guilty to a negotiated plea and as part of her plea, she agreed "all items of contraband to be destroyed."  April 24, 2025 Plea of Guilty Form.  There is nothing attached to the plea form to indicate what the "items of contraband" were.  During the plea hearing, there was no mention of the items of contraband or the destruction of the contraband.  The prosecutor made a passing reference in the recitation of the facts that in a subsequent interview after the traffic stop, Reedy admitted to possessing methamphetamine and Fentanyl in her vehicle and "there would be evidence of drug trafficking on her phone if it was searched."  April 24, 2025 T. at 42.

{¶ 10} Prior to sentencing, Reedy filed her pro se motion for the release of non-contraband property which included her cellphone.  At the sentencing hearing, the

prosecutor requested that all the confiscated drugs and drug paraphernalia be destroyed, the confiscated firearm and ammunition be forfeited to the Guernsey County Sherrif's Office, and the confiscated other items, including the cellphone, "be forfeited so that they could be destroyed as well." June 9, 2025 T. at 9. The trial court acknowledged Reedy's motion for the return of certain items, including her cellphone. *Id.* at 31. The prosecutor was unaware of the location of any of the items except for the cellphone which was confiscated. *Id.* Defense counsel did not make any argument about the return of the cellphone. The trial court ordered the destruction of the cellphone as contraband, finding "those are commonly used in drug transactions." *Id.* at 32. We note an order requiring the destruction of property is "a de facto forfeiture." *State v. Brimacombe,* 2011-Ohio-5032, ¶ 66 (6th Dist.).

{¶ 11} In our analysis, we begin—as we must—with text of the statute. R.C. 2981.04 governs the procedures to be used in ordering the forfeiture of seized property in a criminal case. Property may be forfeited *only if* the defendant is convicted of an offense and the charging document contains a specification containing certain information. R.C. 2981.04(A)(1)(a), (b), and (c).

{¶ 12} The General Assembly determined when a forfeiture in a felony case must be put at issue: at the indictment. This broadly comports with the general fairness requirement that a defendant charged with a crime be afforded adequate notice. *Rabe v. Washington*, 405 U.S. 313, 315 (1972). In addition, the General Assembly made it clear that a notice in the charging instrument is a condition precedent to forfeiture, i.e., by its use of "only if" in the text.

{¶ 13} Lest this provision be subject to well-meaning but mischievous judicial redlining, the General Assembly qualified this requirement and provided for an exception springing from that qualification. The statute qualifies this requirement thusly: "to the extent it [the property to be forfeited] is reasonably known at the time of the filing[.]" In this circumstance, the State may avail itself of subsection (A)(2):

If any property is not reasonably foreseen to be subject to forfeiture at the time of filing the indictment, information, or complaint, the trier of fact still may return a verdict of forfeiture concerning that property in the hearing described in division (B) of this section if the prosecutor, upon discovering the property to be subject to forfeiture, gave prompt notice of this fact to the alleged offender or delinquent child under Criminal Rule 7(E) or Juvenile Rule 10(B).

{¶ 14} But the facts before us do not fall under this subsection. The cellphone was known to and in the possession of the State at an early stage of the proceedings. Because it was "reasonably foreseen" that this property could be subject to forfeiture, the State was obligated to present a forfeiture specification in the indictment. If this appeal was before us after a trial and a subsequent forfeiture, then a straightforward application of the statute would result in us reversing the judgment below and ordering the return of Reedy's property.

{¶ 15} Thus, there are at least two issues with affirming the forfeiture here. First, the State did not seek forfeiture properly within the indictment or was otherwise excused

from failing to do so.  The failure to do so not only failed to comply with the statute but failed to give Reedy proper notice.  *State v. North*, 2012-Ohio-5200, ¶ 8.

{¶ 16} Second, the property was not contraband and not determined to be an instrumentality.  Under R.C. 2981.02, property subject to forfeiture includes contraband involved in the offense and an "instrumentality that is used in or intended to be used in the commission or facilitation of" a felony when the use or intended use is sufficient to warrant forfeiture.  R.C. 2981.02(A)(1)(a) and (c).[1]  "Contraband" is not defined in the forfeiture statutes, but is defined in the general criminal definitions, R.C. 2901.01(A)(13), as follows:

> "Contraband" means any property that is illegal for a person to acquire or possess under a statute, ordinance, or rule, or that a trier of fact lawfully determines to be illegal to possess by reason of the property's involvement in an offense.  "Contraband" includes, but is not limited to, all of the following:
>
> (a) Any controlled substance, as defined in section 3719.01 of the Revised Code, or any device or paraphernalia;
>
> (b) Any unlawful gambling device or paraphernalia;
>
> (c) Any dangerous ordnance or obscene material.

---

[1]The statute was amended after Reedy's sentencing, effective September 15, 2025, but the changes merely amended numbering; to avoid any confusion, we have cited the current numbering structure.

{¶ 17} "Instrumentality" is defined as "property otherwise lawful to possess that is used in or intended to be used in an offense" and may include a telecommunications device. R.C. 2981.01(B)(6). R.C. 2981.02(A)(2) states:

> (2) In determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense . . . in a manner sufficient to warrant its forfeiture, the trier of fact shall consider the following factors the trier of fact determines are relevant:
>
> (a) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;
>
> (b) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;
>
> (c) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense.

{¶ 18} Reedy may have agreed to the destruction of all contraband but was not provided with a list of what seized property constituted "contraband" to be destroyed. Under the definitions, we do not find a cellphone to be "contraband" as it is not illegal to possess. So, in order for the cellphone to be forfeited and destroyed, it must fall under the category of an "instrumentality" which the trial court did not determine.

{¶ 19} We note Reedy did not object to the trial court's determination that the cellphone was contraband. But such an objection would have been of no consequence as the correct determination needed to be on the issue of instrumentality which the trial

court failed to do. As set forth above, R.C. 2981.02(A)(2) states that in order to determine "instrumentality," "the trier of fact shall consider the following factors . . . ." We have no way of knowing what the trial court considered or if it considered anything at all on the issue of instrumentality. In fact, the facts belie such a presumption, as the trial court specifically found the cellphone to be contraband. June 9, 2025 T. at 32. A defendant cannot object to an unmade finding; therefore, Reedy could not have objected to the instrumentality issue.

{¶ 20} Even if we were to recast these statutory issues as a close call, we would still be obligated to reverse the decision below. The Supreme Court has held that forfeiture statutes "imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed . . . so as to avoid a forfeiture of property" and "[n]o forfeiture may be ordered unless the expression of the law is clear and the intent of the legislature manifest." *State v. Lilliock,* 70 Ohio St.2d 23, 26 (1982).

{¶ 21} The State argues a plea agreement avoids this result. We disagree.

{¶ 22} As a general matter, it is true we often enforce plea agreements similarly to contracts. *State v. Rodgers*, 2010-Ohio-140, ¶ 12. But this rule is not absolute. Unlike a contract bargained for between two willing parties, a plea agreement involves a defendant often hauled into court by arrest and subject to losing life, liberty, and property. And courts are often called upon to enforce the substantive and procedural rights granted to a criminal defendant, which is quite unlike when adjudicating contractual rights. On the other side, the prosecuting attorney is an agent of the State with only those powers expressly given to those officers. *See State v. Roth*, 1984 Ohio App. LEXIS 10940, *2

(11th Dist. Oct. 5, 1984), *aff'd sub nom. State v. Freeman*, 20 Ohio St. 3d 55 (1985); R.C. Ch. 309 (Prosecuting Attorney).

{¶ 23} Unlike contracts, which are private agreements between parties, the State has an interest in creating offenses and then punishing, rehabilitating, and incapacitating the offender. In this light, the question before us then is, are the parties completely free to bargain away the legislative scheme in a plea agreement?

{¶ 24} To begin, we return to the text of the statute. The language of the statute appears to both circumscribe a court's jurisdiction over property and a prosecuting attorney's ability to seek and then receive title to a defendant's property. A trial court has jurisdiction to order forfeiture only if: 1) forfeiture is sought; 2) against certain legislatively defined property; 3) by a statutorily compliant charging instrument; and 4) the defendant is convicted. R.C. 2981.04. The statute requires all four elements to be present before a trial court can take private property in favor of the State.

{¶ 25} Here, the State failed to comply with the statutory requirements to proceed with a forfeiture. And as a creature of statute, it thus has no power to seek forfeiture of the property at issue. To hold otherwise would imbue the county prosecuting attorney's office with inherent powers that it never before has been held to have. And the fact that Reedy agreed to it as part of a plea agreement is beside the point.

{¶ 26} As observed above, the prosecuting attorney is a creature of statute carrying out its legislatively assigned duties. It logically follows that any plea agreement offered and accepted by the parties must be within its constitutional and legislative confines. Even if we were to allow for an extraordinarily generous implication that R.C. Ch. 309 allows for extra-statutory forfeiture, we cannot allow a plea agreement to expand

the authority of a prosecuting attorney by negation of clear statutory commands. By doing so, we would judicially constrain the ability of the General Assembly to define and circumscribe the powers of a prosecuting attorney, as it did regarding criminal forfeiture.

{¶ 27} A guilty plea does not vest the State with extra-statutory powers to increase criminal penalties beyond what the legislature has provided. The Supreme Court of Ohio has previously held that forfeiture of contraband under R.C. 2933.43 (repealed, December 26, 2006) was a separate criminal penalty, in addition to other penalties the defendant suffers for a felony conviction. *State v. Casalicchio*, 58 Ohio St.3d 178, 183 (1991); *see also Lilliock*, 70 Ohio St.2d at paragraph two of the syllabus (finding a similar statutory procedure to be criminal).

{¶ 28} In 2006, the General Assembly reorganized, consolidated, and relocated this section and other forfeiture provisions into R.C. Ch. 2981. 2005 Ohio H.B. 241. This bill also delineated between civil and criminal forfeitures. The consequences of this in relation to the matter before us is that civil forfeitures (R.C. 2981.05) have become a narrow statutory cause of action for prosecutors that does not apply here. On the other hand, forfeitures under R.C. 2981.04(A)(1) require a conviction. Thus, it is clear from the statutory scheme that the forfeiture here is a criminal one, which is also consistent with prior Supreme Court holdings regarding when to find a statute is a criminal penalty. *Caslicchhio; Lilliock*.

{¶ 29} Now that we have clearly established that the forfeiture at issue here is a criminal penalty, we must be respectful that the General Assembly has superior constitutional powers in this area: "The power to prescribe the punishment for a crime belongs to the legislature." *State v. Daniel*, 2023-Ohio-4035, ¶ 16 (finding the duty to

register as an arson offender attaches as a matter of law therefore it is not part of the criminal sentence imposed by a judge). Moreover, the General Assembly has the power to control our judicial discretion when it comes to sentencing, i.e., criminal punishment. *Id.; see also* R.C. 2929.01(EE) ("'Sentence' means the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense").

{¶ 30} A natural reading of *Daniel*, especially considering prior precedent and the language of the statute itself, leads us to the conclusion that unlike the arson registry statute at issue in *Daniel*, this forfeiture is broadly part of the "sentence" that the General Assembly empowered prosecutors to pursue and courts to impose. As the Supreme Court stated: "It is wholly within the legislative power to determine what consequences attach to a conviction for a crime--the legislature may grant the court discretion in selecting from the consequences provided by law, or it may remove the court's discretion entirely and mandate certain consequences." *Id.* at ¶ 30. Consistent with *Daniel*, we hold that because the criminal forfeiture was not properly made an issue in the indictment, this forfeiture was not a criminal punishment "provided by law."

{¶ 31} As explained above, the General Assembly required the State to undertake certain actions to put criminal forfeiture at issue. Because the State did not take the proper steps to seek this punishment, it was foreclosed from getting there through a plea agreement. It would be no different if the prosecutor failed to charge an offense correctly and the trial court sentenced to a term of imprisonment more than the maximum permitted by the felony charged. A plea agreement does not obviate that failure or expand the trial court's power beyond the range granted by the legislature. The legislature alone can

determine what consequences attach to a conviction--neither the defendant nor the trial court can change that without unconstitutionally infringing upon the General Assembly's legislative powers.  A plea agreement thus is always subject to the legislative measures imposed by the General Assembly.  And while a defendant can waive statutory rights, a defendant and/or the State cannot bargain away limitations and qualifications the General Assembly places on the imposition of criminal punishment.

{¶ 32} This is not a novel holding by any means.  The Supreme Court has quoted: "'courts are limited to imposing sentences that are *authorized* by statute, rather than only being limited to sentences that are not *prohibited* by statute.'"  (Emphasis in original.) (Citations omitted.)  *State v. Anderson*, 2015-Ohio-2089, ¶13.  The Court has also held that "the authority for a trial court to impose sentences derives from the statutes enacted by the General Assembly."  *State v. Bates*, 2008-Ohio-1983, ¶12.  The Court has admonished lower courts in this regard too: "Every judge has a duty to impose lawful sentences."  *State v. Simpkins*, 2008-Ohio-1197, ¶ 27, *overruled by State v. Harper*, 2020-Ohio-2913.  In *State v. Lockhart,* 2023-Ohio-2398, ¶ 42, we have previously held the following:

Regarding sentencing, the Supreme Court has also said the judiciary has no inherent power to create sentences, and that judges are required to apply sentencing statutes as written.  *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 18.  This means that the legislature can authorize the judiciary to consider only certain sentences.  See *State v. Bates*, 118 Ohio St.3d 174, 177, 2008-Ohio-1983, 887 N.E.2d 328.  Further,

the legislature can guide the sentencing court's discretion whether the sentences are run concurrently or consecutively. See *id.* ¶ 13.

{¶ 33} Besides potentially creating a separation of powers issue, there is good reason why the judicial branch has been consistent in this. There is an inherent due process right to know upon commencement of a prosecution what life, liberty, and property interests are at stake. The statutory process puts legislatively defined guardrails on what the state may later barter for and with. Without any limiting principles, such as those provided by the statutes, there is the moral hazard that valuable things such as real property not otherwise subject to forfeiture, can be traded away to the State for less prison time. Thus, for good reason, we are obligated under Supreme Court precedent to follow the statutes with regard to criminal punishment.

{¶ 34} This court has previously stated that forfeiture legislation cannot withstand plea agreements of a prosecuting attorney, relying primarily on Eighth District cases. *See State v. Andrews,* 2024-Ohio-4767, ¶ 38 (5th Dist.); S*tate v. McCall*, 2022-Ohio-843, ¶ 35 (5th Dist.). Both cases are distinguishable. In each case*,* the respective defendant pled guilty to charges that included forfeiture specifications. Here, a specification was absent. In both of these cases, the indictments invoked the statutory powers of the court to forfeit property but in this case, such information was omitted from the indictment. Thus, these cases reflect the defendants waiving certain procedural rights arising from statute. Here,

the failure to follow the statute was jurisdictional in nature and deprived the trial court and the prosecuting attorney the power to proceed.[2]

{¶ 35} Upon review, we find the trial court erred in ordering the forfeiture of Reedy's cellphone.

{¶ 36} The sole assignment of error is granted.

{¶ 37} For the reasons stated in our accompanying Opinions, the judgment of the Guernsey County Court of Common Pleas is REVERSED, with instructions to the trial court to return the property.

{¶ 38} Costs to Appellee.

By: King, P.J.

Montgomery, J. concurs.

Hoffman, J. concurs separately.


*Hoffman, J., concurring*


**{¶39}** I agree with the majority's decision reversing the forfeiture in the instant case. However, I disagree with two of the conclusions it reaches in support of its decision.

**{¶40}** The majority states there was no mention of the items of contraband during the plea hearing.  Although, concededly, not specifically referenced in the April 24, 2025 Plea of Guilty form wherein Appellant agreed "all items of contraband to be destroyed", the majority notes the prosecutor made a passing reference "there would be evidence of

---

[2]This issue may be addressed by the Supreme Court of Ohio in the upcoming case, *City of Akron v. David C. Stone*, 2025-Ohio-1996 (9th Dist.), *appeal accepted,* 2025-Ohio-1384.

drug trafficking on her phone if it was searched" at the plea hearing on April 24, 2025. I find such reference mentioned the cellphone could be contraband though it did not constitute proper, "*prompt*", notice required by the statute.

{¶41} The majority further concludes the cellphone was not contraband and not determined to be an instrumentality used in the offense. I agree a cellphone is not inherently contraband. The majority also notes the trial court did not specifically determine the cellphone was an "instrumentality," [which was used in furtherance of the commission of an offense].

{¶42} Although I concede the trial court did not separately make a specific finding the cellphone was an instrumentality of the offense, I presume the trial court was well aware of R.C. 2981.01(B)(6) and necessarily determined the cellphone was, in fact, an "instrumentality" of the offense when it ordered the cellphone forfeited.

{¶43} However, I agree with the majority the State failed to comply with the statutory requirements to proceed with a forfeiture in the instant cases. I agree with the majority these requirements are jurisdictional in nature, and Appellant could not waive these requirements by agreeing to forfeiture in the plea agreement. As such, I join the majority in its decision to reverse the trial court's order of forfeiture in the instant case and order the return of the cellphone.